PENSACOLA ELECTRIC TERMINAL RAILWAY COMPANY, A CORPORATION, PLAINTIFF IN ERROR, v. M. C. HAUSSMAN, DEFENDANT IN ERROR.

1. A misleading charge on issues substantially variant from those raised by the pleadings is ground for reversal.

2. Where the declaration alleges specifically that the plaintiff was injured by being *thrown* from a car, it is error to charge upon the theory that he was compelled to *jump* therefrom.

This case was decided by Division A.

Writ of Error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the Court.

*Blount & Blount,* for Plaintiff in Error.

*Jno. B. Jones,* for Defendant in Error.

COCKRELL, J. The declaration in this case, consisting of three counts, alleges in each that Haussman while a passenger on a street car was by the negligent operation of the car *thrown* from the car and injured. The defendant pleaded the general issue and that the injury was caused solely by plaintiff's negligence.

There was much testimony tending to show that the plaintiff was not thrown from the car but jumped and the court charged that an unnecessary jumping off the car would defeat recovery, but also charged "If, however, the plaintiff was placed by the negligence of the defendant company in a situation of peril and attempted to

escape by jumping, and the act of jumping was also dangerous, and he was injured by jumping, the plaintiff would not be guilty of contributory negligence such as will prevent him from recovery from injury if he was injured, if the jumping and attempt to escape was such an attempt as a person acting with ordinary prudence might under the circumstances make."

There was verdict and judgment for the plaintiff, and the defendant proscutes this writ assigning as error the giving of the quoted charge.

No complaint is made on the charge as an abstract proposition of law, but it is insisted that the charge was justified neither by the issues raised by the pleadings nor by the evidence.

This court has frequently ruled that a misleading charge on issues substantially variant from those raised by the pleadings is ground for reversal. Parrish v. Pensacola & A. R. Co., 28 Fla. 251, 9 South. Rep. 696; Jacksonville, T. & K. W. Ry. Co. v. Neff, 28 Fla. 373, 9 South. Rep. 653; Hinote v. Brigman, 44 Fla. 589, text 600, 33 South. Rep. 303; Wilkinson v. Pensacola & A. R. Co., 35 Fla. 82, 17 South. Rep. 71; Louisville & N. R. Co. v. Guyton, 47 Fla. 188, 36 South. Rep. 84; Walker v. Parry, decided this term. The pleader did not content himself with a general allegation of injury through negligent operation of the car, but in all three counts declares the specific manner of the injury, and upon that theory should the action be tried.

Judgment reversed and new trial awarded.

SHACKLEFORD, C. J., and WHITFIELD, J., concur.

TAYLOR and HOCKER, JJ., concur in the opinion.

PARKHILL, J., disqualified.