SEABOARD AIR LINE RAILWAY COMPANY, *Plaintiff in Error*, v. JOE THOMPSON BY HIS NEXT FRIEND A. C. BUDAMIRE, *Defendant in Error.*

NEGLIGENCE—PERSONAL INJURY—STATUTORY PRESUMPTIONS.

The presumption of negligence cast upon railroads by our statute in personal injury cases ceases when the railroad company has made it appear that its agents have exercised all ordinary and reasonable care and diligence. In the presence of such proof by the railroad company the jury do not take any such presumption with them to the jury room in weighing the evidence and in coming to a determination. The statute does not create such a presumption as will outweigh proofs, or that will require any greater or stronger or more convincing proofs to remove it. All that the statute does in creating the presumption is thereby to cast upon the railroad company the burden of affirmatively showing that its agents exercised all ordinary and reasonable care and diligence, and here the statutory presumption ends. And when in a suit for personal injury the railroad company proves affirmatively by undisputed and uncontradicted evidence that it and its agents exercised all ordinary and reasonable care and diligence, and were not guilty of the negligence alleged, the plaintiff has no right to recover.

This case was decided by Division B.

Writ of Error to the Circuit Court for Baker County.

The facts in the case are stated in the opinion of the court.

*Geo. P. Raney,* for Plaintiff in Error;

*Kelley & Cone,* for Defendant in Error.

TAYJOR, J.—The defendant in error as plaintiff below sued the plaintiff in error as defendant below in the Cir-

cuit Court of Baker County in an action for damages for personal injuries, the trial resulted in a verdict and judgment for $500, and this judgment the defendant below brings here for review by writ of error.

At the close of the evidence the defendant moved the court for a peremptory charge to the jury to find for the defendant. This request was denied, and such ruling is assigned as error. This was error. The declaration in the case alleged that the plaintiff was a passenger on one of defendant's trains, and that while he was such passenger the defendant did not use due and proper care that he should be safely carried, but wholly neglected to do so, and then and there carelessly and negligently permitted and suffered a defective window to remain and be in said car at the seat where the plaintiff was sitting on said train and also allowed the defective window to be raised, and while the said plaintiff was sitting in said car the said window being defective as aforesaid fell on one of the plaintiff's hands with great force, which said hand was caught in and under said window, and which said window thereby crushed, bruised and mangled the said hand and fingers of the plaintiff which caused him much pain and suffering, and caused him to have fever, and to become sick, sore, crippled and disordered for about two months.

The only negligence alleged against the defendant was that it permitted a defective window to be and remain in the car where plaintiff was riding as a passenger, and negligently allowed said defective window to be raised, and that by reason of such defective window the injury resulted to plaintiff. When we come to the proofs there is not a scintilla of testimony tending to show that there was any defect in the window that caused the injury to the plaintiff save the bare fact that such window fell and caught the plaintiff's hand. Several wit-

nesses for the defendant testified on the contrary that said window was carefully inspected, one of them inspecting it immediately after the accident to the plaintiff, and that it and its fastenings were in perfect condition. There was nothing to contradict or question this proof for the defendant. The plaintiff planted his right to recovery on the alleged negligence of the defendant in having a defective window in its car. There was no proof to establish such negligence, but an abundance of unrebutted and undisputed proof that there existed no such negligence as alleged, but on the contrary that the window and its fastenings were in perfect condition. Addressing itself to the extent of the presumption of negligence cast by our statute against railroads in such cases, this court in Atlantic Coast Line R. R. v. Crosby, 53 Fla. 400, 43 South. Rep. 318, said: "This presumption ceases when the railroad company has made it appear that its agents have exercised all ordinary and reasonable care and diligence. In the presence of such proof by the railroad company the jury do not take any such presumption with them to the jury room in weighing the evidence and in coming to a determination. The statute does not create such a presumption as will outweigh proofs, or that will require any greater or stronger or more convincing proofs than any other question at issue. All that the statute does is to cast upon the railroad company the burden of affirmatively showing that its agents exercised all ordinary and reasonable care and diligence, and here the statutory presumption ends." As before stated the defendant railroad by an abundance of undisputed and uncontradicted evidence relieved itself of such presumption in this case, and there was no proof to establish the alleged negligence upon which the plaintiff relied for recovery, but on the contrary much uncontradicted affirmative proof that no such negligence ex-

isted as was alleged. Under these circumstances the plaintiff had no right to recover, and at the close of the evidence the court should have given the affirmative charge requested by the defendant.

The defendant also moved for new trial upon the ground that the verdict was not sustained by the evidence, which motion was overruled, and it is assigned as error. It follows from what has already been said that this ground of the motion for new trial was well taken, and that the court erred in overruling such motion.

The judgment of the court below in said cause is hereby reversed at the cost of the defendant in error.

HOCKER and PARKHILL, JJ., concur;

WHITFIELD, C. J., and SHACKELFORD, and COCK-RELL, JJ., concur in the opinion.