ATLANTIC COAST LINE RAILROAD COMPANY, A CORPORATION, *Plaintiff in Error,* v. S. EDGAR HAMLETT, *Defendant in Error.*

Opinion Filed June 6, 1921.

1. In an action by a passenger for injuries received by the operation of a railroad train, it is in general sufficient to allege ultimate facts showing that the relation of passenger and carrier existed, and that the defendant negligently did or omitted the act or acts that proximately caused or contributed to causing the injury as stated, the specific fact that actually caused the injury being duly alleged so that a definite issue may be presented for trial.

2. In an action under the statute for damage done by the running of a train of a railroad company, where the plaintiff clearly proves the negligence alleged, the statutory presumption is then superfluous, and it need not be given in the charge.

3. Where the statutory presumption of negligence is applicable to put upon the defendant railroad company the burden of proving due care and diligence, the presumption does not outweigh proofs that the employees of the defendant company did in fact use due care in the premises; but the question of liability is to be determined by a proper consideration of all the evidence adduced under appropriate charges as to the law.

4. While passengers take the risks properly incident to voluntary travel on a mixed passenger and freight train, yet they do not take risks that are imposed by negligent operation; and if such a train is so operated as to unduly or unreasonably cause sudden violent movements and stops, that injure passengers while they are exercising the privileges they are entitled to as such passengers, the company may be liable in damages for injuries proximately resulting from such negligent operation.

5. A passenger on a railroad train is not required to remain in his seat at all times during the transit; and if in the exercise of due prudence, he stands or moves about in the car, and while so standing or moving is injured by unduly violent stops or movements of the car in its operation, he may recover reasonably compensatory damages.

6. Where there is sufficient evidence to sustain a finding that the car on which plaintiff was a passenger was suddenly and with great and unusual violence moved in a manner substantially as alleged in the declaration, and the evidence of the injuries sustained by the plaintiff as a proximate result of the violent impact, is sufficient to support the amount of damages awarded by the verdict, the judgment will be affirmed.

A Writ of Error to the Circuit Court for Pinellas County; O. K. Reaves, Judge.

Affirmed.

*W. A. Carter,* for Plaintiff in Error;

*Wm. G. King* and *C. E. Spear,* for Defendant in Error.

WHITFIELD, J.—The declaration herein alleges that while the plaintiff was being transported as a passenger on defendant's railroad train, "the coach in which plaintiff was riding was, by the employees of the defendant, left standing on said track. And while this plaintiff was occupying said car and in the part thereof provided for passengers while riding thereon, the defendant, by their servants and employees, so negligently and carelessly operated said train and so negligently and carelessly failed to take the necessary precaution looking to the safety of said train and its occupants, that the car in which said plaintiff was riding, by and through the negligence of the defendant, was suddenly and without warning jarred, bumped and struck, with such great and sudden violence that by the impact thereof and the sudden starting of said car, the plaintiff was thereby violently thrown upon and against a portion of said car, thereby inflicting upon the plaintiff grevious injuries to his arms, chest, neck, spine, sides and ribs, and from thence up to the present time has suffered excruciating pain, being confined to his bed for a considerable portion of the time, and suffering a great shock to his nervous system; and that the injuries complained of are permanent. That in addition to said injuries hereinbefore complained of, the plaintiff has been compelled to spend a large sum of

money for physician's services, nursing and medicines in an effort to rid himself of said injuries, without avail, and has been barred since the infliction of said injuries, without avail, from attending to his business and avocation.

"By reason of the injuries hereinbefore alleged, he has been damaged in the sum of Five Thousand ($5,000.00) Dollars"

There was a plea of not guilty and two special pleas averring in effect that the plaintiff became a passenger well knowing that the train was operated for the transportation of both freight and passengers, and that in so doing the plaintiff assumed all the risks which are necessarily incident to such mode of travel, and that the alleged injury was not the result of any want of care on the part of the defendant or its servants, but resulted solely from the usual and practical operation of the train; and also that the plaintiff "left the seat provided for him and occupied a position wherein he was in danger of being injured in the operation of the train, and that the said plaintiff while in said dangerous position failed to exercise ordinary care and caution to prevent receiving injury from the operation of the said train, and that the jar and jerk complained of and which resulted in the alleged injury was not unusual, but was such as usually and ordinarily occur in the practical operation of trains of a like character."

Issue was joined on these pleas. Verdict and judgment were rendered for $2,000.00 damages, and the defendant took writ of error.

The statutes of the State provide as follows:

"A railroad company shall be liable for any damage

done to persons, stock or other property by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employ and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company."

"No person shall recover damages from a railroad company for injury to himself or his property where the same is done by his consent, or is caused by his own negligence. If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished or increased by the jury in proportion to the amount of default attributable to him." Secs. 4964 and 4965, Rev. Gen. Stats., 1920.

A declaration should contain sufficient allegations of all the facts that are necessary to state a cause of action. As a general rule, only ultimate facts need be alleged.

Where the facts are, or reasonably should be, within the knowledge of the plaintiff, the declaration should contain sufficient statement of facts to apprise the defendant of the particular acts or circumstances upon which the action is based, in order that there may be no embarrassment in preparing a defense.

In actions for negligent injuries it may be necessary to allege only the relation between the parties out of which the duty to avoid negligence arises, and the act or omission that proximately caused the injury, coupled with a statement that such act or omission was negligently done or omitted.

In an action by a passenger for injuries received by the operation of a railroad train, it is in general sufficient

to allege ultimate facts showing that the relation of passenger and carrier existed, and that the defendant negligently did or omitted the act or acts that proximately caused or contributed to causing the injury as stated, the specific fact that actually caused the injury being duly alleged so that a definite issue may be presented for trial. Warfield v. Hepburn, 62 Fla. 409, 57 South. Rep. 618.

In actions brought under the statute to recover damages for injuries caused by the operation of the cars of railroad companies, the plaintiff need only to prove an injury caused by the running of the cars, upon which proof the statute raises a presumption of negligence on the part of the company that may justify a recovery of compensatory damages unless the defendant company shall make it appear that its employees exercised all ordinary and reasonable care and diligence to avoid the injury. Where the plaintiff relies upon the statutory presumption by proving only the injury by the running of a railroad company's cars as alleged, the statute in effect puts upon the defendant company the burden to overcome the plaintiff's proofs, and the question of liability is to be determined from the probative force of the testimony adduced by both parties.

Where the plaintiff clearly proves the negligence alleged, the statutory presumption is then superfluous, and it need not be given in the charge. Even where the statutory presumption of negligence is applicable to put upon the defendant railroad company the burden of proving due care and diligence, the presumption does not outweigh proofs that the employees of the defendant company did in fact use due care in the premises; but the question of liability is to be determined by a proper

consideration of all the evidence adduced under appropriate charges as to the law. See Jones v. Jacksonville Electric Co., 56 Fla. 452, 47 South. Rep. 1; Seaboard Air Line R. Co. v. Thompson, 57 Fla. 155, 48 South. Rep. 750.

It was incumbent upon the plaintiff to show by appropriate evidence that he was injured by the operation of the defendant railroad company's train as alleged. Then under the statute the burden was upon the defendant to show that its employees in operating the train exercised all ordinary and reasonable care and diligence to avoid the injury. If in considering all the evidence adduced by both parties, it appears that the employees of the defendant did not exercise all ordinary and reasonable care and diligence in operating the train, considering the nature of the train on which the plaintiff took passage and all the circumstances under which the injury was sustained, the plaintiff should recover reasonably compensatory damages for the injuries sustained by him as alleged.

While passengers take the risks properly incident to voluntary travel on a mixed passenger and freight train, yet they do not take risks that are imposed by negligent operation; and if such a train is so operated as to unduly or unreasonably cause sudden violent movements and stops, that injure passengers while they are exercising the privileges they are entitled to as such passengers, the company may be liable in damages for injuries proximately resulting from such negligent operation. A passenger is not required to remain in his seat at all times during the transit; and if in the exercise of due prudence, he stands or moves about in the car, and while so standing or moving is injured by unduly violent stops or movements of the car in its operation, he may recover reasonably compensatory damages.

There is sufficient evidence to sustain a finding that the car on which plaintiff was a passenger was suddenly and with great and unusual violence moved in a manner substantially as alleged in the declaration; and the evidence of the injuries sustained by the plaintiff as a proximate result of the violent impact is sufficient to support the amount of damages awarded by the verdict.

The charges given by the court accord with the views herein expressed, and sufficiently cover the issues presented. Requested charges that were refused had been in substance given in other proper charges and no material error in the proceedings appears.     .

Affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.