ATLANTIC COAST LINE RAILROAD COMPANY, a corporation, *Plaintiff in Error,* v. IDA J. BRITTON, *Defendant in Error.*

146 So. 842.

Opinion filed March 23, 1933.

Re-hearing denied April 3, 1933.

*Doggett & Doggett,* for Plaintiff in Error;

*Evan Evans,* for Defendant in Error.

WHITFIELD, J.—The declaration alleges that "at the crossing of McDuff Avenue, which was then and there a public highway in the City of Jacksonville, Duval County, Florida, and defendant's railroad track, the defendant then and there carelessly and negligently propelled and ran a railroad train against and upon an automobile then and there being operated on said McDuff Avenue and in which the plaintiff was then and there riding as a passenger, by reason whereof plaintiff was injured.

There is no allegation of a specific act of negligence of the defendant as being the proximate cause of the injury complained of. There is a plea of not guilty which operates "as a denial only of the breach of duty or wrongful act alleged to have been committed by the defendant." Section 4332-3 (3666) Compiled General Laws; Circuit Court Rule 71.

Contributory negligence is an affirmative defense and should be pleaded and proven by the defendant, even though it does not bar but merely reduces recovery in a case like this; but if contributory negligence is shown by legal and properly admitted evidence adduced by either party, it may be considered; and when contributory negligence duly appears from the evidence, the damages, if any are awarded, should be reduced in proportion as the negligence of the plaintiff contributed to the injury alleged. Section 7052 (4965) Compiled General Laws; S. A. L. Ry. v. Callan, 73 Fla. 688, 74 So. 799; Warfield v. Hepburn, 62 Fla. 409, 57 So. 618.

Plaintiff adduced evidence showing injury to the plaintiff caused by a collision of defendant's train with the automobile in which the plaintiff was riding as a passenger, the automobile having stalled on the track. There were two parallel railroad tracks at the crossing in a city street. The automobile had been stopped before reaching the first track to let a freight train pass on the far track. Then the automobile was driven to and partly on the nearest track when the engine of the automobile stalled. Apparently, about this time, the driver of the automobile saw a passenger train a block or two away, approaching the crossing on the track the automobile was stalled on. The driver of the automobile testified that she saw the approaching train "about two blocks away" when the automobile stalled on the track; and on cross:

"I saw the passenger train before the engine stalled, because if I stalled the engine, why, it was in an endeavor to stop before I got on the track. I couldn't say positively whether I saw the train before I got to the track or not. I guess I may have seen it, or I may not.

"Yes, very probably if the engine of the automobile hadn't stalled, I would have gotten across the track safely.

"After my engine stalled, I had time to get out and to the rear of the car and help Miss Britton out; I went around the car, I had time to go all the way around to the other side. I couldn't tell you how far I was from the car when the collision came, because, so far as I know, I came around, threw the door open and as I was throwing it open I told her to hurry and I jumped back. Now, how far had I gotten, I don't know."

This testimony tends to show that the stalled automobile on the track could have been seen in time to stop the train. The plaintiff, who was on the front seat with the driver

had difficulty in opening the car door and before she alighted the engine of the train struck the automobile, thereby causing plaintiff's injury.

The casualty occurred at a crossing in a city street, and the testimony for the plaintiff tended to show negligence of the defendant in undue speed or in delay in applying the emergency brakes of the train as it approached the crossing where frequent passing should have been anticipated. The speed of the train or some delay in applying the emergency brakes apparently rendered it impossible to stop the train before the collision, though the equipment of the train was apparently in proper order.

This being the nature and tendency of the plaintiff's evidence, a motion made at the close of plaintiff's testimony for a directed verdict for the defendant was properly denied, without reference to the statutory presumption of negligence of the railroad company that arises upon showing an injury caused by the operation of the train, and even though the testimony indicated contributory negligence of the plaintiff which under the statute would not bar but would reduce recovery.

The plaintiff testified:

"It is true, so far as I know, that I, as a passenger, permitted her to drive that car across the track not knowing whether she had looked, and I had not looked myself either."

Though this testimony by the plaintiff may indicate contributory negligence, the mere permitting of the driver to run the car to and upon the railroad track, under the circumstances testified to by the plaintiff, does not in law amount to a showing that the injury to the plaintiff was done by her consent or that her injury was caused by her own negligence so as to bar a recovery by her under Section

7052, (4965) Compiled General Laws. Seaboard Air Line Ry. Co. v. Watson, 94 Fla. 571, 113 So. 716.

The facts of this casualty at a crossing in a city street are not as favorable to the defendant as were the facts in F. E. C. R. Co. v. Davis, 96 Fla. 171, 117 So. 842, where the crossing was not in a city.

A directed verdict for the defendant, made at the close of all the testimony, was also properly denied. When the defendant had under the statute, adduced evidence tending to show that its employees had "exercised all ordinary and reasonable diligence" to avoid the collision, Section 7051 (4964) Compiled General Laws, the presumption of negligence of the defendant railroad company, which arises under the statute from due allegation and proof of "damage done by the running of the" train; is at an end; and the plaintiff may then recover damages only upon a showing by the evidence of the negligent injury that is duly alleged.

The entire evidence justified a finding that the plaintiff was negligent in not looking up and down the railroad track and warning the driver of the approaching train, when the track was in plain view for several blocks away from the crossing; and the evidence as a whole also justifies a finding that the engineer of the train could and should have seen the automobile when it was approaching or when it stalled on the track, and should have had the train under control in time to stop the train before it reached the crossing in a city street. Such finding being made and justified by the evidence, the company is liable in damages, the amount thereof to be reduced in proportion as the plaintiff's negligence contributed to the injury. If the charges complained of are technically erroneous or are inaccurate, they reasonably could not have been harmful to the defendant.

Apparently the most serious injury to the plaintiff was a cut over an eye requiring several stitches and leaving a scar. Other injuries caused some pain, inconvenience and loss; but there was no permanent injury shown. The verdict awarded $1,500.00 damages, which on the entire record seems excessive.

If within thirty days after the filing of the mandate of this Court in the trial court, the plaintiff remits $700.00 of the principal amount awarded, as of the date of the verdict, the judgment will stand affirmed for the remainder; otherwise the judgment will stand reversed for a new trial.

It is so ordered.

DAVIS, C. J., and TERRELL, BROWN and BUFORD, J. J., concur.

DAVIS, C. J. (Concluding).—I concur in the opinion and the result with this exception: I do not think there is any duty on a passenger riding in an automobile to give advice to the driver of the car at peril of being adjudged guilty of negligence for not so doing. "Back-seat drivers" have done more to cause automobile collisions than they have ever avoided. I question the wisdom of judicially imposing any such requirement upon those who ride in automobiles which other persons drive. For this reason I am unable to accept the view that plaintiff was in any degree negligent for "permitting" the driver of the car to drive the car across the track not knowing whether she had looked, and without looking herself. If this is the rule, then a traveler in an automobile who goes to sleep is guilty of contributory negligence because he didn't stay awake to help advise the driver how to run the car.

But I am of the opinion that the plaintiff, as a passenger in the car when it stalled on the railroad tracks, was under the duty to get out of the car as quickly as possible when

she had time to realize that the car had stalled. Failure to do so might well be held to be negligence which as a matter of law would bar any recovery at all under the doctrine of "the last clear chance."

When an automobile stalls on a railroad track it is the duty of those riding therein to be on the alert for their own safety and to promptly disembark from the car when it appears that it will likely not be able to get off the track before it is struck by an approaching train. It is also the duty of those riding in automobiles to be sufficiently acquainted with the mechanism of the doors or outlets to be able to get out of a car in the face of a known approaching danger.

A railroad company may be ever so negligent in running its trains too fast where its tracks cross highways in a populous locality where there is reason for the company to anticipate persons in the act of crossing the railroad tracks, but even so, the occupant of an automobile stalled on the track has "the last clear chance" in most instances, to avoid the injury by getting out of the stalled car before the train strikes it. Where a person having the "last clear chance" to avoid injury to another, or being injured himself, fails to avail himself of it, he is guilty of negligence as a matter of law, and a directed verdict would be appropriate in a case where such clearly appeared to be the situation. In such cases the failure to utilize the "last clear chance" to avoid the result, is regarded as the sole proximate cause of the injury that insues.

In stopping a railroad passenger train the train crew must consider the probability of injuring those riding in its cars as passengers, should the train be brought to too sudden and violent a stop by the application of its brakes. The railroad company owes a duty to use all reasonable means

within its power to stop its train in order to avoid striking those whom it finds on its tracks in a position of peril, after it is appraised of the fact that it is necessary to stop the train in order to avoid a collision, but the law does not impose upon the railroad company the duty to stop its train so suddenly and violently as to injure passengers being carried by it, to whom it owes an equal duty not to negligently injure them.

The evidence in the present case may be regarded as reasonably in conflict on the question who had "the last clear chance" to avoid the injury, and because of this conflict, I think the verdict as modified may be properly allowed to stand.