WM. R. KENAN, JR., and SCOTT M. LOFTIN, as Receivers of FLORIDA EAST COAST RAILWAY, v. DR. T. EARL MOORE.

195 So. 167
Division B
Opinion Filed March 26, 1940

Loftin, Calkins, Anderson & Scott, for Plaintiff in Error;

Carson, Petteway & Slembler and Knight & Green, for Defendant in Error.

PER CURIAM.—This action was brought against the Receivers of a railroad company to recover damages for personal injuries sustained by the driver of an automobile at a grade crossing at night in a city.

In count one it is alleged that:

"Heretofore on or about April 16, 1935, the said defendants (receivers) were duly acting and qualified receivers of the Florida East Coast Railway, a corporation, and as such were operating a line of railway under lawful authority, in the State of Florida, particularly in and through the city of Miami, Dade County, Florida;

"And that on the date aforesaid the said defendants, as such receivers, while in the operation of trains upon the said line of railway did by and through their servants and agents so negligently and carelessly operate a certain train about 8:30 P. M., at or near the intersection of S. W. 13th Street with the said line of railway operated by the defendants southerly from the City of Miami to Key West, Florida, so that the said train or some portion thereof did run over and upon the plaintiff, and as a proximate result thereof, and of the carelessness and negligence of the defendants, as aforesaid, the lower left leg and foot of the plaintiff was cut and mangled so that the same had to be amputated at the junction of the upper and lower thirds, and the right foot of plaintiff was cut, lacerated, torn, bruised and fractured so that it was necessary to operate upon the same, and the muscles, nerves and tissues of said foot have failed to respond to treatment, and plaintiff is permanently crippled in the said foot, and from all of which injuries plaintiff has suffered great and excruciating pain and misery, both in mind and body, up to the present time, and has been confined for a long period of time to sundry hospitals, and is now so confined, and it has been necessary

for him to engage the services of various physicians and surgeons and he has paid and incurred large sums therefor and likewise has incurred large amounts of indebtedness for hospital bills, medicines, etc.;

"Plaintiff further alleges that at the time of said injuries he was a practicing physician in the City of Miami, Florida, earning and capable of earning large sums of money from his practice and profession; that he has at all times since said date been prevented by reason of said injuries from following his said profession and has thereby lost the earnings therefrom and has been unable to engage in any other work, pursuit or following or to earn any sums whatever, and that by reason of his injuries, plaintiff will be unable to carry on his work and profession in the future; that his injuries are permanent.

"WHEREFORE, plaintiff sues and claims damages in the sum of $100,000.00."

In count two the negligence stated in the violation of Section 6591 (4528) C. G. L., it being also alleged that "the plaintiff not being familiar with the said crossing," was injured as alleged in count one. The third count was eliminated on demurrer. In count four the negligence alleged in effect is the maintenance of a more than ordinarily hazardous crossing without a watchman or flagman stationed thereat, or guards or signal lights or alarms to give reasonable warning of the approach of trains, it being alleged that "about 8:30 P. M. in the night time, the plaintiff, being then and there not familiar with the said railway crossing," was injured as alleged in count one. A demurrer to the declaration was overruled as to counts 1, 2 and 4. The declaration sufficiently states a cause of action.

Trial was had on the plea of not guilty and detailed pleas

of contributory negligence. Under the statute in this class of cases, contributory negligence, if shown, does not bar recovery as at common law; but the statute requires the damages awarded, if any, to be reduced in proportion to the negligence of plaintiff in contributing to the injury sustained as alleged and proven to have been caused by the negligence of the defendants or their agents in the premises. Sec. 7052 (4965) C. G. L.; S. A. L. Ry. v. Callin, 73 Fla. 688, 74 So. 799.

Very voluminous testimony for the plaintiff was adduced with extensive cross examination by counsel for the defendants. A view of the scene of the injury was had by the jury. At the close of the plaintiff's testimony, a motion for a directed verdict for the defendants was denied, the ground of the motion being that "the plaintiff has failed to sustain the material allegations of his declaration, and because the evidence shows affirmatively that his injuries were not the result of the defendants' alleged negligence, but were the result of his own acts or his own negligence."

Elaborate charges to the jury were given.

The bill of exceptions states that "at 3:10 p. m., the jury retired to consider their verdict; and thereupon, at 3:26 o'clock P. M. the jury returned to the court room," and rendered the following verdict: "We, the jury, find for the plaintiff Dr. T. Earl Moore, and assess his damages at the sum of Fifty Thousand Dollars ($50,000.00). So say we all. (Signed) G. C. Barron, Foreman."

Judgment for plaintiff was rendered for $50,000.00.

The motion by defendants for new trial was denied. Among the grounds for the motion were the following:

"4. The verdict of the jury is contrary to the weight of the evidence.

"5. The verdict of the jury is grossly excessive.

"6.    The court erred in denying the defendant's motion to direct a verdict in their favor.

"18.    The court erred in permitting the witness Manning to testify, over the objection of the defendants, what safeguards should have been taken by them, in his opinion, for the protection of the crossing where the accident occurred and for the traveling public at such crossing.

"19.    The court erred in permitting the witness Manning to testify, over the objection of the defendants, that, in his opinion, the gates, watchman or other described signals and devices, should have been maintained and installed by the defendants at the crossing where the accident occurred, for the protection of the traveling public."

Assignments of error on writ of error taken by defendants are:

"1.    The court erred in overruling the defendants' demurrer to counts 1, 2 and 4 of the declaration.

"2.    The court erred in refusing to instruct the jury to return a verdict for the defendants.

"3.    The court erred in denying the motion for new trial.

"4.    The court erred in entering final judgment for. the plaintiff."

Section 4637 (2918) C. G. L. provides:

"It shall be the duty of the court on an appeal or writ of error to examine the record, to reverse or affirm the judgment, sentence or decree of the court below, or to give such judgment, sentence or decree as the court below ought to have given, or as. to· it may appear according to law."

Section 7052 (4965) C. G. L. provides:

"No person shall recover damages from a railroad company for injury to himself or his property, where the same is done. by his consent, or is caused by his own negligence.

If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished or increased by the jury in proportion to the amount of default attributable to him."

In headnotes 8 and 13, of Warfield v. Hepburn, 62 Fla. 409, 57 So. 618, it is stated that:

"Whether contributory negligence is a bar to an action for a merely negligent injury as at common law, or operates under the statute to diminish the amount of damages recoverable in actions against railroad companies 'for any damage done to persons or property by the running of' the company's trains, such contributory negligence is an affirmative defense, and to be available either as a bar to the action or to diminish the recovery, it should be pleaded and proved by the defendant, unless the plaintiff permits it to be shown without objection under other pleas, or unless contributory negligence appears in the case made by the plaintiff.

"Every award of damages should be reasonable and just to both the plaintiff and the defendant under the facts properly alleged and shown in evidence."

Either party is entitled to the benefit of any evidence introduced upon the trial by the other party. Billings v. Starke, 15 Fla. 297; A. C. L. Ry. Co. v. Webb, 112 Fla. 449, 150 So. 741; A. C. L. Ry. Co. v. Britton, 109 Fla. 212, 146 So. 842.

The testimony of the plaintiff and his witnesses on direct and cross examination shows that plaintiff knew of the grade crossing he was approaching in an automobile at night; and the testimony considered as an entirety is of such a nature as, under the defendants' affirmative pleas, to warrant a finding of negligence of the plaintiff that contributed to the injury he sustained by the running of de-

fendants' railroad train as alleged. The failure of the defendants to show by testimony adduced by them that their agents exercised all ordinary care and diligence in the premises, as required by the statute, does not deprive the defendants of the benefits of the evidence of the plaintiff and his witnesses tending to show negligence of the plaintiff proximately contributing to the injury complained of by him, so that, under the statute, if damages are awarded, they should be reduced in proportion as the plaintiff contributed to his own injury. Section 7052, *supra.* See: Southern Ry. Co. v. Mann, 91 Fla. 948, 108 So. 899; Tampa & Gulf Coast Ry. Co. v. Lynch, 91 Fla. 375, 108 So. 560; A. C. L. Ry. Co. v. Watson, 94 Fla. 517, 113 So. 716; Kimball v. A. C. L. Ry. Co., 132 Fla. 235, 181 So. 533. The record as a whole indicates that the jury could not in sixteen minutes have duly considered the evidence adduced and the charges of the court under the issues of the case.

Testimony of a traffic officer as to his opinion relative to the safeguards that should have been provided for the particular grade crossing, should not have been admitted under the issues in this case. See: A. C. L. Ry. Co. v. Shouse, 83 Fla. 156, 91 So. 90.

Plaintiff's requested charges Nos. 1 and 2 as given do not appear to have been harmful error in view of plaintiff's requested charge No. 3 which was also given, even though there were no charges requested or given which specifically defined the law under the issues made where evidence tending to show contributory negligence of plaintiff appears in the plaintiff's testimony, there being pleas of contributory negligence but the defendants offered no evidence under its pleas of contributory negligence.

The cause is reversed and remanded for appropriate proceedings.

It is so ordered.

TERRELL, C. J., WHITFIELD, P. J., and CHAPMAN, J., 'concur.

BROWN and BUFORD, J. J., concur in opinion and judgment.

Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.