**CORINNE LAWSON, unmarried, v. SCOTT M. LOFTIN and JOHN W. MARTIN, as Trustees of the Florida East Coast Railway Company.**

21 So. (2nd) 202                    January Term, 1945

March 9, 1945                           Division A

*Carl T. Hoffman, N. J. Durant* and *Sam C. Matthews,* for appellant.

*Russell L. Frink, Loftin, Anderson, Scott, McCarthy & Preston* and *John H. Wahl, Jr.,* for appellees.

BUFORD, J.:

Appellant sued the appellee for damages resulting from an alleged injury received while appellant was a passenger for hire on appellees railroad train.

The declaration alleges that "the defendants', by their servants and employees, so negligently and carelessly oper-

ated said train and so negligently and carelessly failed to take the necessary precaution looking to the safety of the plaintiff, as a passenger, that the said car in which the plaintiff was riding, while at or near New Smyrna, Florida, was by and through the negligence of the defendants, suddenly and without warning, jerked and jarred with such great and sudden violence that, as the proximate result thereof, the plaintiff was violently thrown upon and against the metal arm of a chair in said ladies room; and as the proximate result of the defendant's said negligence the plaintiff's coccyx was fractured, and from thence the plaintiff has suffered, and will continue to suffer, excruciating pain in body and in mind, and great shock to her nervous system; and the said injuries complained of are permanent; and has lost and will continue to lose considerable time from her employment."

Plea of not guilty was filed and trial resulted in a verdict for the defendant, appellee here.

Appellant poses three questions for our consideration as follows:

"First Question: In View of Chapter 768.05 F.S.A., can a verdict for a defendant railroad be upheld, when the railroad has failed to make it appear that their agents had exercised all ordinary and reasonable care and diligence with regard to its duties owing to a passenger?

"Second Question: In View of Chapter 768.05 F.S.A., where the plaintiff proves that she has been injured, while a passenger upon a railroad train, is it proper for the court to charge the jury that the burden of proving negligence is upon the plaintiff?

"Third Question: Where a person has been injured while a passenger upon a railroad train, and such passenger has been requested by the railroad's agents to submit to an examination by a physician of their choice, are the statements made to the passenger concerning his or her condition by the physician admissible in evidence against the railroad?"

Question 1 as stated does not find foundation in the record because the record shows the following stipulation presented during the trial:

"1. That if defendants' witness M. F. Hardin were present and testified, his evidence would be to the following effect: 'That on December 14, 1943, he was employed by the defendants as a hostler in which position it was his duty to operate locomotives between the engine house at New Smyrna, Florida, and the station there and to couple such locomotives to trains from which other locomotives had been detached. That on December 13, 1943, in the performance of such duties he operated the locomotive which was attached at New Smyrna, Florida, to the train involved in this suit, and that there was no rough handling which would cause a violent jerk or jar to the train.

"2. That if defendants' witness F. A. Crawford were present to testify, his evidence would be as follows:

" 'That he was employed by the defendants as baggage master on the train involved in this suit on December 14, 1943, and when the train reached and stopped at New Smyrna, Florida, he was in the baggage car which was the third car of the train behind the locomotive. That when the locomotive which pulled the train into New Smyrna was detached, there was no rough handling which violently jerked or jarred the train, and that when another locomotive was attached to the train a few minutes later there was no rough handling which violently jerked or jarred the train. That at no time while the train was standing in the New Smyrna station after it arrived and before it left that point, was the train jerked or jarred.

"Miami, Florida, July 10, 1944.

(And then it is signed)

" 'This stipulation shall not constitute any admission by the plaintiff that the said testimony is true.' "

Plaintiff had testified that at the time and place mentioned in this stipulation the train was given a sudden jerk which caused her fall and injury and when this stipulation was introduced the presumption created by Sec. 768.05 Fla. Statutes 1941 (same F.S.A.) disappeared. See A.C.L. Ry. Co. v. Richardson, 117 Fla. 10, 12, 157 So. 17; A.C.L. Ry. Co. v. Crosby, 53 Fla. 400, 43 So. 318; Fla. E. Coast Ry. Co. v. Smith, 61 Fla. 218, 55 So. 871; Fla. E. Coast Ry. Co. v. Davis,

96 Fla. 171, 117 So. 842; Kirch v. A.C.L. R. Co., 38 F. (2nd) 963, 964; A.C.L. Ry. Co. v. Voss, 136 Fla. 32, 186 So. 199; Van Allen v. A.C.L. R. Co., 109 F. (2nd) 780, 781; Powell v. Gary, 146 Fla. 334, 337, 200 So. 854.

The burden was then on the plaintiff to prove every element of her case by a preponderance of the testimony and without any reference to the presumption created by the statute. See A.C.L. R. Co. v. Britton, 109 Fla. 212, 216, 146 So. 842; S.A.L. Ry. Co. v. Thompson, 57 Fla. 155, 48 So. 750; A.C.L. Ry. Co. v. Webb, 112 Fla. 449, 468, 150 So. 741; A.C.L. R. Co. v. Hamlett, 81 Fla. 872, 877, 89 So. 337.

What has been said in regard to question 1 applies with like effect as to question 2.

Question 3 is based upon the action of the court in sustaining an objection by the defendant to the plaintiff, when a witness in her own behalf, testifying to what a doctor said when he looked at an Xray picture of the alleged injured part of plaintiffs' body. The record showed that plaintiff had been requested by defendant's attorney to go to this doctor for an examination and that she did so and while she was in his presence some conversation occurred. The doctor was absent and not called as a witness. As to the scope of his authority in regard to the examination and as to how far the defendant railroad company might have been bound by what he said is not at all clear from the record. It is not necessary, however, for us to pass upon this phase of the question because there is nothing in the record to show that the plaintiff was prejudiced, or suffered any harm by reason of the ruling of the court. This is true because there was no proffer of what was proposed to be proven as a statement of this doctor when he examined the Xray pictures.

We think the case was fairly tried and the issues fairly presented as to whether or not the plaintiff, appellant here, was injured by the sudden jerk of the train. She testified that there was a sudden jerking of the train; the stipulation, supra, was to the effect that there was no sudden jerking of the train. It was the province of the jury to determine which statement was true. They resolved that question in favor of the defendant.

We think the record shows no reversible error. Therefore, the judgment is affirmed.

So ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.