62 So.2d 10 (1952)
TAMPA TRANSIT LINES, Inc.
v.
CORBIN et al.
Supreme Court of Florida, Special Division B.
December 22, 1952.
Rehearing Denied January 10, 1953.
*11 Hill, Hill & Dickenson, and Lewis H. Hill, Jr., Tampa, for appellant.
Paul Kickliter and Benjamin C. Sidwell, Tampa, for appellees.
MATHEWS, Justice.
This is an appeal from a final judgment based upon a verdict by the jury awarding damages to the appellees for personal injuries. Motion for new trial was denied.
At the conclusion of all the testimony the trial Judge gave a specific charge, requested by the appellees, that the doctrine of res ipsa loquitur was applicable in the case, and the giving of such charge is assigned as error.
It was alleged in the complaint that the bus driver "did so negligently turn the bus from Ohio Avenue onto Michigan Avenue, so that the same left the roadway and came to an abrupt stop into the slope of the ditch," and as a result of such negligence, the plaintiff, Edna Lee Corbin, "was thrown violently from her seat upon and against the supporting rod and then violently upon the floor." The appellant filed defenses of general denial and contributory negligence.
It is admitted that the driver of the bus was in complete conrol of it. The improper, or negligent, driving of the bus by the driver was the important and specific charge of negligence, and by reason of this negligent operation, it is alleged, she was injured. See Southern Express Co. v. Williamson, 66 Fla. 286, 63 So. 433, L.R.A. 1916C, 1208, and Pensacola Electric Term. Ry. v. Hausman, 51 Fla. 286, 40 So. 196.
There was a direct conflict in the testimony. Mrs. Corbin testified that when the bus driver got in his seat, he started the bus and it made a lunge and the next thing she knew the bus was on the right side around the curve, part on the slope of a ditch and she was on the floor. She further testified that when it started, it made a funny noise and a lunge, as if you step on the brake but hit the wrong thing, or step on the gas; that it made a lunge and a sudden stop. She testified that the bus was off the road and on the slope of the street when she got back on her feet.
Dr. Maxwell, who was a witness for the plaintiff, testified that Mrs. Corbin told him the driver accidentally stepped on the brake which caused a lurch that threw her.
The bus driver testified that the bus did not leave the road but stopped in between two streets. He further testified that Mrs. Corbin was standing or rising for the apparent purpose of changing her seat and the bus gave a little jerk and she slipped down, with one hand holding the bar and with one knee on the platform.
A passenger on the bus testified that Mrs. Corbin slipped off her seat down on her knees, occasioned by "a little jerk of the bus  just a small jerk." The jerk did not upset him. He further testified that Mrs. Corbin was not thrown on the floor across the aisle.
The charge given by the Court that the doctrine of res ipsa loquitur applies to this *12 case was requested by the appellees. No conference was called by the Court to settle the charges as required by 30 F.S.A. Common Law Rule 39(b). No opportunity was given to the appellant to object to such requested charge and ruled upon by the Court as required by said Rule.
The appellees contend that the appellant cannot now complain of the charge because the said Rule 39(b) also provides that "no party may assign as error the giving of any instruction unless he objects thereto at such time". The answer to this contention is that the appellant did not know that any such charge had been requested. No conference was held and no opportunity given to it to object to any such charge as required by the Rule.
The pleadings made up the issues and the testimony offered by the parties, on the issues as made, was conflicting. The burden of proof was upon the plaintiffs to prove the specific acts of negligence as hereinabove set forth. It was the duty of the jury to resolve any conflicts in the evidence. The doctrine of res ipsa loquitur, as shown by the pleadings and evidence in this case, was not applicable, and the giving of such charge under the facts and circumstances disclosed by the record was reversible error. Lawson v. Loftin, 155 Fla. 685, 21 So.2d 202; Frash v. Sarres, Fla., 60 So.2d 924.
The appellant also assigns as error statements made by the attorney for the appellees in argument before the jury as being prejudicial and the equivalent of the attorney testifying before the jury.
It appears that the attorney for the appellees in the closing argument before the jury made the following remarks:
"That he (plaintiffs' counsel,) had known the plaintiff, Mrs. Corbin, for many years and that she was a well and healthy woman up and until the time of the accident.
* * * * * *
"The defendant employed high price attorneys on retainer, who kept offices in the First National Bank Building.
* * * * * *
"That bus company employed attorneys on retainer over here in the First National Bank Building to fight all claims made against them, regardless of how just they may be, and that was what the average man, or average woman, was up against when they filed a claim against the bus company.
* * * * * *
"We all remember when the bus fare here was five cents and now it is ten cents.
* * * * * *
"Don't you imagine that the officers of the bus company when they get sick go to the finest clinics in the United States, such as Mayo's.
* * * * * *
"That the defendant company was spending large sums of money in the defense of this suit."
Part of the statements made by the attorney for the appellees amounted to testimony given by such attorney, out of order, and when he was not under oath. The other remarks were highly prejudicial. Appropriate objections were made by the attorneys for the appellant. After such objections had been made, the trial judge stated that he had tried for years, without success, to keep counsel from going outside the record, and then told counsel that he should confine his argument on the record, but that he might make illustrations of common knowledge. After the above statements were made and were timely objected to, it became the duty of the trial Judge to reprimand the attorney for the appellees and to do all he could to eradicate such illegal testimony and highly prejudicial remarks from the minds of the jury.
Verdicts rendered by a jury, after having heard such incompetent testimony from an attorney and such highly prejudicial remarks, under the circumstances as shown by this case, cannot be permitted to stand.
Having reached the conclusion which we have, it is unnecessary to discuss or consider the other assignments of error.
*13 Reversed, with directions to set aside the order denying a new trial, and for further proceedings in accordance with this opinion.
SEBRING, C.J., and ROBERTS and DREW, JJ., concur.