101 So.2d 857 (1958)
Vestues CUTCHINS, Appellant,
v.
SEABOARD AIR LINE RAILROAD COMPANY, a corporation authorized to do business in Florida, Appellee.
Vestues CUTCHINS, Appellant,
v.
J.H. JOHNSON, Sr., Appellee.
Supreme Court of Florida.
March 5, 1958.
Rehearing Denied April 30, 1958.
*858 Sams & Anderson and Phillip Goldman, Miami, for appellant.
Fowler, White, Gillen, Yancey & Humkey, Walter Humkey and Henry Burnett, Miami, for appellee.
DREW, Justice.
Vestues Cutchins sued the Seaboard Air Line Railroad Company and J.H. Johnson, Sr. for injuries received when a train owned by the railroad, under the control of J.H. Johnson, Sr., its engineer, ran into the automobile of Cutchins at the intersection of the railroad and N.W. 14th Avenue, a public thoroughfare in the City of Miami. The defendants, railroad company and Johnson, filed an answer alleging they were not guilty and that the plaintiff conducted himself in such a careless and negligent manner that he thereby contributed to his own alleged injuries. On the issues thus made the cause was tried before a jury and resulted in verdicts exonerating Johnson, the engineer, but finding the railroad guilty and assessing damages in the sum of $125,000.
At the close of all the evidence, the defendants moved the court for a directed verdict in favor of both defendants on the grounds "that the plaintiff has failed to *859 establish negligence to any degree on the part of the railroad" (emphasis supplied) and "that it affirmatively appears that the plaintiff is guilty of negligence that is the sole proximate cause of the accident." The trial court reserved ruling on the motion and submitted the cause to the jury.
After the jury had returned its verdicts, the railroad company, in accordance with Rule 2.7 of the Florida Rules of Civil Procedure, 31 F.S.A., moved the court to set aside the verdict and grant the defendant a new trial for the reasons: "that the verdict was contrary to the evidence"; "that the verdict was contrary to the law"; "that the verdict was contrary to the law and the evidence". The trial court granted the renewed motion for a directed verdict, set aside the verdict against the railroad for the reason (recited in the order) that it was "contrary to the evidence" and "contrary to the law". He, thereupon, entered a final judgment in favor of the railroad. From this judgment and a judgment entered in favor of the defendant Johnson, plaintiff took separate appeals. They were consolidated and are argued together.
Plaintiff presents four points for consideration. He argues first that because the evidence was sufficient to support a verdict in plaintiff's favor, the trial court erred in granting the railroad's post-trial motion for a directed verdict. Second, the trial court erred in excluding evidence that the railroad company had removed a derailer on the siding in the vicinity of the crossing. The third and fourth points argued relate to an alleged error of the trial court in giving an instruction over the plaintiff's objection and in failing to give an instruction requested by the plaintiff.
The railroad company contends that the only question presented on this appeal is whether the trial court erred in ruling as a matter of law that the verdict against the railroad company should be set aside and judgment entered for the railroad company "when the jury returned the inconsistent verdict of not guilty for the co-defendant engineer in a case where the railroad's liability was vicarious and based upon the negligence of its engineer under the only issue submitted to the jury." The importance of enumerating the points on appeal will become apparent because of the limited review that we are authorized to make of this case in its present status. We shall discuss the appeals separately.

The Appeal from the Judgment for the Railroad
First, we dispose of the alleged errors of the trial court in giving and refusing to give certain instructions.
Whether the instructions were good or bad or were erroneously given cannot be determined on the appeal of the judgment for the railroad. The question of the correctness of instructions to the jury is not germane when the judgment we are reviewing is one entered consequent upon the granting of a renewed motion for directed verdict. If the instructions were erroneous, the error could infect only the verdict of the jury. However erroneous the instructions may be, as to the plaintiff in the appeal of the judgment in favor of the railroad, they are harmless for the verdict was favorable to him.
We now direct our attention to the point of law argued by the railroad company concerning the inconsistency of the verdict.
Having decided that the correctness of the instructions of the court are not before us at this time, the proposition urged by the railroad company that the verdict is inconsistent must necessarily fall, because the very foundation of this point is the instruction of the trial court that the presence of a freight car on a siding near a crossing was not evidence of negligence on the part of the railroad but could be considered only as a circumstance bearing upon the issue of reasonable care on the part of both an engineer and the driver of any vehicle approaching such crossing. To put it another way, the railroad argues that the giving of such instruction eliminated from the *860 consideration of the jury the question of all negligence of the railroad except that flowing out of the actions of the engineer, and that, therefore, the verdict exonerating the engineer from liability operated automatically to exonerate the railroad company. Again it must be borne in mind that we are here considering only the correctness of the judgment entered consequent upon the granting of the renewed motion for directed verdict.
In connection with this general proposition, however, we find the railroad company in a most inconsistent position. Because of the importance of the subject in our ultimate disposition of this case, the following statement from the brief of counsel for the railroad is related:
"Therefore, it is a fair statement that both plaintiff and defendants recognized at the conclusion of the conference on instructions that the case would be submitted to the jury on one issue.
"Under issue `A' submitted the railroad could have been liable only in the event the engineer was found guilty. Under such circumstances, the jury's only consideration was directed to the question of whether the plaintiff was guilty of the negligence proximately bringing about the accident or whether the engineer was guilty of such negligence. * * *
"Therefore, the jury having concluded that the engineer was free of negligence and not guilty, there was no basis for the inconsistent verdict of guilty against the railroad."
At the trial, following the court's instruction of the jury, and immediately after the charge relating to the presence of the freight car on the siding, the following colloquy occurred:
By the court:
"If you find for the plaintiff, gentlemen, against both the Seaboard Airline and Mr. Johnson, the form of your verdict will be, `We, the jury, find for the plaintiff and assess his damages in the sum of blank dollars. So say we all.'
"If you find for the plaintiff against only the defendant Seaboard Air Line, the form of your verdict will be `We, the jury, find for the plaintiff against the Seaboard Air Line Railroad Company, and assess his damages in the sum of blank dollars. So say we all.'
"If you find only against the engineer, Mr. Johnson, the form of your verdict will be, `We, the jury, find for the plaintiff ' You haven't got that one.
"Mr. Sams: No sir, Judge, if he is guilty, then the railroad has got to be. He is their agent.
"The Court: You agreed on that?
"Mr. Sams: Yes sir.
"Mr. Humkey: Yes sir.
"The Court: If you find against the Seaboard Airline Railroad Company and not against Mr. Johnson, then the form of your verdict should be, `We, the jury, find the defendant J.H. Johnson, Sr., not guilty. So say we all.'
"If you find for both defendants, then the form of your verdict will be, `We, the jury, find the defendants not guilty. So say we all.'
"Gentlemen of the jury, your verdict must be the verdict of each of you. By that, I mean your verdict must be a unanimous verdict, and it must be signed by one of your number whom you choose as foreman.
"Anything further?
"Mr. Sams: No.
"Mr. Humkey: No.
"The Court: Gentlemen, there have been numerous exhibits offered, and they will be sent to you in the jury room so you may use them for your deliberations. Forms of verdict have already been prepared, *861 which I read to you, and the Bailiff will give them to you."
Having thus eliminated two of the questions presented by the plaintiff and the question urged by the defendant railroad as being the only question involved, there remains for consideration the sufficiency of the evidence. A determination of this question relates to the proposition of whether the renewed motion for directed verdict should have been granted on the case made at the conclusion of all the testimony of the parties; this question necessarily involves consideration of Rule 2.7(b) of the 1954 Rules of Civil Procedure and the difference in granting a motion for a directed verdict and in granting a new trial, bearing in mind that in the disposition of the post-trial motion the trial court did not dispose of the motion seeking a new trial incorporated therein. In Hilkmeyer v. Latin American Air Cargo Expediters, Inc., Fla. 1957, 94 So.2d 821 we delved at length into this question and there held that the considerations which would authorize a trial judge to direct a verdict are the same as those involved in a reserve motion for a directed verdict under Rule 2.7(b), supra. We pointed out there that a verdict should never be directed unless the evidence was such that under no view which the jury might lawfully take of it favorable to the adverse party could a verdict for the adverse party be sustained. Moreover we pointed out that one moving for a directed verdict against his opponent admitted not only the facts shown by the evidence but every reasonable inference favorable to his opponent that the jury might fairly and reasonably arrive at from the evidence. We also said that it is for the jury to determine all questions of conflicting evidence and that such conflicts should be submitted under appropriate instructions. The considerations, as we have said, and the legal principles involved that serve as a guide in directing a verdict and those involved in granting a new trial are not by any means the same. Where there is substantial evidence tending to prove the issue or issues, the law requires that it be submitted to the jury; under such circumstances there is no authority for the Court to take the case from the jury and pass upon it as a question of law. The Hilkmeyer case discusses these principles and makes an analysis of the authorities on this subject.
With this prologue we turn our attention to what we consider to be the sole question which we are called upon to decide at this stage of this litigation as far as the judgment for the railroad is concerned; that is, whether there was sufficient evidence before the trial court to require the submission of this cause to the jury. On this point our review of the record leaves no doubt in our mind that at the close of all of the evidence in this cause, the situation presented was one which from a factual standpoint could be properly determined only by the jury. There were many conflicts in the evidence as there are in most jury cases, but there was sufficient competent evidence together with inferences lawfully and logically deducible therefrom which, if believed by the jury, would support a judgment against the defendant railroad. This must have been the conclusion of the trial judge at the time because he did reject the motion for directed verdict and did submit the case to the jury. The fact that the jury exonerated the engineer may well have been  and probably was  the reason the trial court later granted the renewed motion for directed verdict. But, for the reasons hereafter discussed, it was an improper element to consider in granting the renewed motion for a directed verdict and entering a final judgment for the railroad.
We now return to the proposition urged by the railroad that the verdicts were inconsistent. We have held here that, because the instructions are not material to a consideration of the correctness of a favorable ruling on a renewed motion for directed verdict, that proposition may not now be considered. However, even if *862 we overlook the doubtful propriety of such an argument on this appeal, and assume that the instruction as to the box car heretofore alluded to was correct and that such instruction eliminated from the consideration of the jury all questions of negligence except that charged against the engineer, the result would be the same, because under the issues upon which the cause was tried and under the applicable statutes of this State there is no inconsistency in a jury verdict in favor of the engineer but against the railroad even where the railroad's negligence was vicarious.
It is pertinent to recall that the railroad filed two pleas, one of not guilty and the other a plea of contributory negligence. The statute, Section 768.06, F.S.A., provides that:
"No person shall recover damages from a railroad company for injury to himself or his property, where the same is done by his * * * own negligence. If the plaintiff and the agents of the company are both at fault, the former may recover, but the amount of recovery shall be such a proportion of the entire damages sustained, as the defendant's negligence bears to the combined negligence of both the plaintiff and the defendant."
The foregoing statute applies only to actions to "recover damages from a railroad company." It is not broad enough nor is it intended to relate to the recovery of damages from an agent of the railroad company for his own negligence. Therefore, while plaintiff's contributory negligence (if the jury found such to exist and the evidence was susceptible to such finding) would bar completely recovery against the engineer, it would only extend to a mitigation of damages against the railroad company unless such contributory negligence was the sole proximate cause of the injury. It is, therefore, obvious that under this reasoning, the jury's verdict is not inconsistent.
The foregoing result not only accords with logic but is supported by substantial precedent. Am.Jur. Vol. 38, p. 919, recites:
"A defendant may be held liable under the comparative negligence rule where such is established by statute to apply in suits against such defendants, notwithstanding the defendant is charged with negligence solely on the theory that the negligence of another is imputed to him and the comparative negligence rule thus established by statute is not applicable against such other person."
Under a statute almost identical to ours, the Arkansas Supreme Court had this to say with reference to the question under discussion.
"The engineer in charge of the locomotive pulling the train on which appellee was injured was made a party defendant, but the jury returned a verdict in his favor. It is very earnestly insisted, for the reversal of the judgment against the railroad company, that, inasmuch as a verdict was returned in favor of its employee whose negligence is said to have occasioned the injury, a verdict should have been directed in its favor after the jury had found in favor of the employee.
"This question was considered by the court in the cases of Patterson v. Risher, 143 Ark. 376, 221 S.W. 468; Davis v. Hareford, 156 Ark. 67, 245 S.W. 833, and Mississippi River Fuel Corp. v. Senn, 184 Ark. 554, 43 S.W.2d 255.
"The effect of those decisions is that it does not necessarily follow that a corporation is discharged from liability for an injury occasioned by the negligence of its employee because a jury refused to assess damages against that employee when sued in conjunction with the employer. The theory is that the doctrine of comparative negligence *863 obtains in the suit against a railroad company or other corporation, whereas contributory negligence is an absolute defense to the suit against the servant or employee himself." Missouri Pac. R. Co. v. Morrison, 186 Ark. 689, 55 S.W.2d 933, 934.
See also the Arkansas case of Mississippi River Fuel Corp. v. Senn, 184 Ark. 554, 43 S.W.2d 255, to the same effect. Nor do the Florida cases require a contrary conclusion. The case of Williams v. Hines, 80 Fla. 690, 86 So. 695, was a case where both the railroad and the engineer were sued for injuries arising out of a collision between two trains upon which Williams was a passenger. The only defense interposed by the railroad in that case was a plea of not guilty, the effect of which was to deny any negligence on the part of the railroad. Florida Motor Transp. Co. v. Hillman, 87 Fla. 512, 101 So. 31; Atlantic Co. v. Orendorff, 156 Fla. 1, 22 So.2d 260. The case was tried before a jury on the issues thus made, and a verdict was rendered by the jury exonerating the engineer but finding the railroad guilty of negligence and assessing damages. The trial court entered a judgment in favor of the railroad notwithstanding the verdict of the jury, and this Court, in discussing that case, announced and reaffirmed the well established principle of law that in an action against a principal or master and his agent or servant for damages resulting solely from the negligence of the agent or servant acting as such, a verdict of the jury exonerating the agent or servant exonerates the principal or master. This is a universal principle of law, but its application is naturally limited to those instances where the liability of both principal and agent are identical and the defenses which might be interposed the same. It has no application to the instant case where simple logic requires a different conclusion. The laws of this State provide, so far as the liability of the railroad company is concerned, that where both the injured party and the railroad party are negligent, the injured party may nevertheless recover; while in the suit against the agent, the law is that if the injured party contributes to his own injuries, he may not recover against the agent. This litigation, while conducted as a single trial, is in reality a suit against the principal on one hand and the agent on the other. That the case was approached from this point of view and tried on this basis is conclusively established from the disclosures of the record heretofore made.
Williams v. Hines, supra [80 Fla. 690, 86 So. 699], was tried and disposed of upon an entirely different theory than that presented here. We reiterate, in that case there was only a plea of not guilty and that was the sole issue before the jury. That this is so, and that Williams v. Hines does not control this case, is obvious from the following sentence near the end of the opinion in Williams v. Hines: "It does not appear to us from the evidence in this case that the plaintiff was negligent, nor is there any plea to this effect; so that there is no question of contributory negligence."
In the later case of Atlantic Coast Line R. Co. v. Canady, 122 Fla. 447, 165 So. 629, 631, Williams v. Hines was mentioned as authority for the general proposition above mentioned, but that case, like the Hines case, was tried on a plea of not guilty. The issue of contributory negligence  a defense that must be specifically pleaded (Atlantic Coast Line R. Co. v. Britton, 109 Fla. 212, 146 So. 842; Goldin v. Lipkind, Fla., 49 So.2d 539; Florida Motor Transp. Co. v. Hillman, supra)  was not involved and the opinion concluded with the following remarks: "In these circumstances, we are of the opinion that, in view of the plea of not guilty, the plaintiff failed to support her case, and the defendant showed that no negligent act of its employees was the cause of the unfortunate accident." Obviously, under such circumstances, a verdict in favor of the engineer necessarily exonerated the railroad.
In Colle v. Atlantic Coast Line R. Co., 153 Fla. 258, 14 So.2d 422, 424, a similar case was tried upon the plea of not guilty. *864 In the opinion of Mr. Justice Thomas in that case written for the Court, Williams v. Hines is referred to and it was there said that that case was authority for the proposition that "* * * there can be no responsibility on the part of the company in the absence of proof that the employee was negligent." The opinion then said "We will not attempt to alter in any wise the declaration of that legal principle, which is patently sound. One should not be held responsible for negligence of an agent where it has been determined that the negligence did not, in fact, occur. Evidently, the main factor in the announced principle is the sole guilt of the employee for the negligence committed; for instance, in that case an engineer so operated his engine that it struck a train injuring a passenger and, of course, any negligence was attributable to the performance of the employee. When he was exonerated the foundation for the action failed." No question of contributory negligence was involved in this case because of the determination of the sole question that the agent was not negligent and that, therefore, the principal could not be negligent, the alleged negligence being vicarious.
We, therefore, conclude that the trial court erred when he granted the renewed motion for directed verdict on the ground that such verdict was contrary to the law and contrary to the evidence, and on this issue the judgment is reversed and the cause remanded for further consideration of the pending post trial motions, without prejudice to the parties' rights to have a proper appellate review of any issues which may lawfully arise therefrom.

The Appeal from the Judgment for the Engineer Johnson
We have considered the points argued under the errors assigned to the judgment in favor of the engineer, Johnson. So far as the judgment for the railroad is concerned, we have held in the foregoing portion of this opinion that there was sufficient evidence and lawful inferences which might be drawn therefrom to have required the submission of the case to the jury. It was, therefore, entirely proper on the same evidence for the jury to consider the question of the liability of the engineer Johnson as alleged in the complaint where he was charged with six specific acts of negligence. Whether the engineer was guilty of all or any of the specific acts of negligence was a question to be determined by the jury, on the same basis as against the railroad and for the same reasons we have enumerated.
We have carefully considered the several points urged by the appellants concerning the invalidity of this judgment but we find them to be without merit. The judgment, therefore, in favor of the defendant Johnson is affirmed.
Affirmed in part and reversed in part.
TERRELL, C.J., and ROBERTS, THORNAL and O'CONNELL, JJ., concur.