LOUISVILLE AND NASHVILLE RAILROAD COMPANY, A CORPORATION, *Plaintiff in Error*, v. W. W. HARRISON, *Defendant in Error*.

## Opinion Filed August 18, 1919.

1. When the driver of an automobile attempts to cross a railroad track at a road crossing and has ample time to do so, but his engine chockes down and the automobile stops upon the railroad track, and it is not alleged in the declaration that the choking down of the engine was caused by the defective condition of the railroad crossing, the proximate cause of the accident is the stopping of the automobile, and the railroad is not guilty of negligence in not assuming that it would break down and stop 'on its track, provided that when the railroad employes saw that it had stopped on the track they at once did everything in their power to stop the train.

2. An engineer in charge of the locomotive of a train has the right to presume that an automobile crossing the railroad track a quarter of a mile ahead of his train, will be over and away in ample time before his train reaches the crossing and he is not called upon to presume that the automobile would choke down and stop on the track.

A Writ of Error to the Circuit Court for Santa Rosa County; A. G. Campbell, Judge.

Judgment reversed.

*R. A. McGeachy,* for Plaintiff in Error;

*W. W. Clark,* for Defendant in Error.

BROWNE, C. J.—The defendant in error recovered damages from the Louisville and Nashville Railroad Company for the destruction of his automobile by the plaintiff in error's train. He undertook to cross the railroad track about a quarter of a mile from a curve. When he got on the track his engine choked and his car stoped. He testified in part as follows:

"As I drove up my wheels jumped down in the crossing my car choked down I looked around and the train was approaching. At the moment my engine choked the train wasn't quite a quarter ($\frac{1}{4}$) of a mile from me, it was turning the curve when I noticed it. In approaching the railroad with my car I was looking around, yes, sir. I was noticing. I did not see any car approaching and the whistle did not blow at all. Just as it hit the car it blowed maybe a minute before it hit, toot, toot. When I looked around and seen there was a young lady in the car I said look out, get out of here yonder comes the train. I jumped out on one side, she on the other. We run and tried to shove the car off of the crossing. We shoved it a time or two I said we can't do nothing with it, about that time I looked around and Mr. Strickland gave me this (witness indicated with his hand) I said look out they are going to hit anyhow. We both ran out of the way.

It wasn't hardly a minute from the time he tooted after we got out the way that he hit it."

The immediate cause of the injury was the choking down of the plaintiff's engine, causing his car to stop on the railroad track. With that the railroad had nothing to do, and in no way contributed to it. The evidence is uncontradicted that the railroad employees saw the automobile when it stopped on the track, and at once did everything in their power to stop the train, but it was too late to avoid the collision, although they made every effort with the utmost promptness to prevent it.

If the engine of the automobile had not choked down when it got on the track the accident would not have occured. This was not a contingency that the railroad employees were called upon to anticipate.

They saw the automobile approaching the crossing and it had ample time to cross if its engine had not choked down. This was the proximate cause of the accident, and the railroad was not guilty of negligence in not guarding against the possibility of the automobile breaking down when on its track.

The engineer in charge of the locomotive had the right to presume that an automobile crossing the railroad track a quarter of a mile ahead of his train, would be over and away in ample time before his train could reach the crossing. He was not called upon to presume that the engine would choke and cause the automobile to stop on the track. The obligation of the railroad began only at the instant that its employees knew that the auto had stopped on the railroad track. At that intant it became its duty to stop the train if possible. This the testimony discloses was done, but it was impossible to stop the train in time to prevent the collision. Florida

Cent. & P. R. Co. v. Williams, 37 Fla. 406, 20 South. Rep. 558; Atlantic Coast Line R. Co. v. Miller, 53 Fla. 246, 44 South. Rep. 247.

Evidence offered by the plaintiff below to show the condition of the crossing where his engine choked down was properly excluded by the trial judge, as there was no allegation in the declaration that the condition of the crossing contributed to or caused the stopping of the engien. If such was the case he should have alleged it in his declaration. ·

It is well settled that there can be no recovery except on the case made by the declaration.

As the evidence fails to disclose any negligence on the part of the railroad company, the judgment is reversed.

TAYLOR AND ELLIS, J. J., concur.