## CONECUH NAVAL STORES CO. v. CASTILLOW. (1 Div. 271.)

(Supreme Court of Alabama. April 19, 1923.)

**1. Negligence ⊜⇒67—Owner held not guilty of contributory negligence in stacking lumber in inflammable grass.**

In an action for negligent burning of lumber stacked on plaintiff's land, a plea setting up contributory negligence of plaintiff in stacking the lumber in inflammable grass is demurrable, as an adjoining or adjacent landowner owes no duty to anticipate that another will negligently set out fire or will negligently omit to guard against fire's communication to adjacent and adjoining lands.

**2. Evidence ⊜⇒117—No predicate necessary for testimony by plaintiff as to remarks by defendant's employee regarding origin of fire.**

In an action for damages for negligent burning, of boards stacked on plaintiff's land, where an employee of defendant had testified that his duties were "to secure the timber by raking and burning off the woods," held, that no predicate was necessary to admit testimony by plaintiff of statements made by such defendant's employee regarding the origin and circumstances of the fire.

**3. Trial ⊜⇒75—Objection to question on one ground waives other grounds.**

Objection to a question on the ground that no predicate has been laid for it thereby waives any other objection to which it may have been subject.

**4. Negligence ⊜⇒124(1)—Exclusion of testimony as to when claim for damages made held not prejudicial error.**

In an action for damages for the negligent burning of boards stacked on plaintiff's land, there was no error prejudicial to defendant in excluding, even on cross-examination, by defendant, testimony as to when plaintiff first communicated his claim for damages.

Appeal from Circuit Court, Monroe County; J. D. Ratliffe, Judge.

Action by George W. Castillow against the Conecuh Naval Stores Company. Transferred from Court of Appeals under section 6,

p. 449, Acts 1911. Judgment for plaintiff, and defendant appeals. Affirmed.

Barnett, Bugg & Lee, of Monroeville, for appellant.

Plaintiff cannot recover for damages which he might have avoided by ordinary care and diligence. Demurrer to plea 2 should have been overruled. 29 Cyc. 513; Shearman & Red. on Neg. 598; Lilley v. Flechter, 81 Ala. 237, 1 South. 273; A. G. S. v. Hawk, 72 Ala. 112, 47 Am. Rep. 403; Birmingham v. McCary, 84 Ala. 478, 4 South. 630; Jones v. Ala. M. R. Co., 107 Ala. 400, 18 South. 30. An agent may not bind his principal by admissions having reference to bygone transactions. L. & N. R. Co. v. Carl, 91 Ala. 271, 9 South. 334; Smith Lbr. Co. v. McLain, 202 Ala. 32, 79 South. 370; Meader v. Standard Oil Co., 196 Ala. 365, 72 South. 34; 22 C. J. 379.

Hybart & Hare, of Monroeville, for appellee.

No brief reached the Reporter.

McCLELLAN, J. This suit was commenced by appellee in a justice's court, and sought the recovery of $14 damages for the negligent burning of boards stacked on plaintiff's lands. Robinson v. Cowan, 158 Ala. 602, 47 South. 1018. On appeal to the circuit court plaintiff was awarded judgment for $10. From that judgment appeal was taken to the Court of Appeals, and now the cause has been transferred to this court. Only four of the five errors assigned are insisted upon in the brief for appellant.

[1] The court sustained demurrer to defendant's special plea 2, a plea whereby defendant sought to preclude plaintiff's right to recover because of his contributory negligence in stacking, on plaintiff's own lands, the boards in inflammable grass, in woods where conflagration might occur. The plea was demurrable; particularly on grounds taking the objection that an adjoining or an adjacent proprietor of lands owes no duty to anticipate that another will negligently set out fire or will negligently omit to guard against a fire's communication to adjacent or adjoining lands. L. & N. R. R. Co. v. Malone, 116 Ala. 600, 605, 606, 22 South. 897; Sou. Ry. Co. v. Darwin, 156 Ala. 311, 317, 318, 47 South. 314, 130 Am. St. Rep. 94; Sher. & Red. on Neg. (5th Ed.) § 679. The plea does not aver that the boards were so stacked on plaintiff's premises after this fire was set out or after defendant's asserted negligence had intervened to the menace of plaintiff's property. Non constat, the boards were so stacked before the fire in question originated. The doctrine of Lilley v. Fletcher, 81 Ala. 234, 1 South. 273, is not invoked by this plea. There the plaintiff was advised by the circumstances of the wrong against which duty

thereupon arose requiring him or his representative to take precaution; as was noted in the discriminative statement of its doctrine made in Sullivan v. L. & N. R. R. Co., 163 Ala. 125, 131, 50 South. 941.

[2-4] Plaintiff's witness Will Bass testified that he was in the employ of the defendant, and that his duties were "to secure the timber by raking and burning off the woods." Plaintiff, on his examination, was asked what Bass told him—referring to the origin of the fire and to a conversation with Bass some time after the fire. The only ground of objection taken to this question was that no predicate had been laid; thereby waiving any other objection to which the question may have been subject. The particular objection was properly overruled. No predicate was necessary to admit Bass' statements to plaintiff in recital of the origin and circumstances of the fire; though Bass' statements in this connection, long after the fire, even though he had been defendant's agent, would have been inadmissible as hearsay if that ground of objection had been seasonably interposed to the question. When plaintiff first communicated to defendant, his claim for damages was excluded, even on cross-examination, by defendant, without prejudicial error to appellant.

The fact (if so) of knowledge on the part of plaintiff that there was grass on adjoining lands was immaterial to the issues tendered by the pleading; special plea 2 having been, as stated, properly eliminated on demurrer.

The judgment is affirmed.
Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.