(133 So. 8)

## SOUTHERN RY. CO. v. HALE.
### 7 Div. 20.

Supreme Court of Alabama.
March 19, 1931.

Motley & Motley, of Gadsden, for appellee.

Hugh Reed, of Center, and Hood & Murphree, of Gadsden, for appellant.

GARDNER, J.

Plaintiff's car was demolished by defendant's passenger train at a public road crossing in the open country in Cherokee county, for which recovery of damages under simple negligence counts is sought. From a judgment for plaintiff, defendant appeals.

The crossing was not on a curve, though there was a curve some 200 or 225 feet below the crossing, somewhat obstructing the view at that point. Plaintiff's counsel cite the statute (section 9952, Code 1923) as applicable, especially to the question of speed shown to be from 30 to 35 miles per hour. But, as pointed out in the recent case of Atlantic Coast Line R. Co. v. Jackson, 221 Ala. 646, 130 So. 388, following the older authority of East Tenn., Va. & Ga. R. Co. v. Deaver, 79 Ala. 216, that feature of the statute is without application to such a crossing.

As to whether the bell was rung and whistle blown, the evidence was in dispute. But the evidence is without dispute that plaintiff drove upon the track without stopping, looking, and listening, and his contributory negligence therefore would bar any recovery rested upon defendant's initial negligence as above indicated. It is argued, however, that, for contributory negligence to bar a recovery, it must be the proximate cause of the injury (Hines v. Champion, 204 Ala. 227, 85 So. 511), and that the evidence discloses undisputedly that plaintiff reached the track in ample time to have made the crossing but for an intervening cause, the engine of his car "going dead" and stopping on the track.

490

This leads to the conclusion that the proximate cause of the accident was not the failure on plaintiff's part to stop, look, and listen as required by law, but the choking of the engine of his automobile upon the track. . But, as said by the Florida court in Louisville & Nashville R. Co. v. Harrison, 78 Fla. 381, 83 So. 89, a case here very much in point, "with that the railroad had nothing to do, and in no way contributed to it. * * * If the engine of the automobile had not choked down when it got on the track, the accident would not have occurred. This was not a contingency that the railroad employees were called upon to anticipate." The later case of Bagdad Land & Lumber Co. v. Moneyway, 80 Fla. 784, 86 So. 687, from the same court, is to like effect.

The case of Atlantic Coast Line R. Co. v. Jackson, supra, from this court is likewise to the effect, that under circumstances here disclosed, the trainmen were not required to anticipate that the car would stall on the track. The failure to ring the bell or blow the whistle therefore could not have been the proximate cause, and no recovery could be rested upon such theory of initial negligence.

It results, therefore, that defendant's obligation under the facts here presented began only at the instant that its employees knew that the automobile had stopped on the track, (Louisville & N. R. Co. v. Harrison, supra) and the right to recover rested upon the doctrine of subsequent negligence.

The evidence for defendant, however, is to the effect that, upon discovery by the trainmen of the car stalled upon the track, everything possible was done to stop the train, but to no avail until the car was struck, and we find nothing in the evidence justifying a reasonable inference to the contrary.

The affirmative charge therefore was due to be given defendant upon request, and for its refusal the judgment must be reversed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.