142 So. 587

### HALE v. SOUTHERN RY. CO.

7 Div. 867.

Court of Appeals of Alabama.
March 29, 1932.

Rehearing Denied April 19, 1932.

112

Hugh Reed, of Center, and Hood & Murphree, of Gadsden, for appellee.

See, also, Southern R. Co. v. Hale, 222 Ala. 489, 133 So. 8.

Motley & Motley, of Gadsden, for appellant.

SAMFORD, J.

The counts of the complaint claimed damages for the destruction of plaintiff's automobile, at a public crossing of defendant's track in Cherokee county, by being struck by one of defendant's locomotives. On the trial it was admitted that the only claim was for subsequent negligence. It appears from the evidence that plaintiff drove his automobile onto the defendant's track at the crossing, without stopping, looking, and listening, and when it was well on the track the engine of the automobile "choked down" or went dead, leaving the car on defendant's track in front of an on-coming locomotive. The crossing at which the car was struck is on a tangent about 210 feet from the point of a curve around which the locomotive was approaching, at a speed of 30 or 35 miles per hour on a slight down grade. The time was night, and objects on the track could only be seen by the engineman when they came in the range of the electric headlight. The plaintiff admits being much excited, and testified that, if the speed of the locomotive was checked before the impact, he could not tell, and, if the engineer blew his whistle or rang the bell, he did not hear it. The whole time consumed between the first sight of the locomotive and the crash could not have been more than a few seconds. While plaintiff could have seen the locomotive for some distance before it approached the tangent, the physical facts are such that we must know that the engineman could not have seen the automobile until it was near the end of the curve, which was not over 250 feet away. With reference to this accident, any claim for subsequent negligence could only attach after the plaintiff's automobile came within the range of defendant's headlight.

The question in the instant case is, Was defendant's engineman in charge of defendant's engine guilty of negligence after the discovery of plaintiff's peril?

On this question the plaintiff examined as a witness G. M. Martin, who was in charge of defendant's locomotive, who tes-

tified that his engine was equipped with the latest equipment for stopping a train, and nothing was wrong with the equipment; that he saw plaintiff's car on the track when he turned the curve and saw plaintiff trying to push it off; that he did (not) see the car 'til I got on the straight track about 200 or 250 feet away; that, when he saw the car, he applied the brakes and began blowing the whistle. The witness was then asked by defendant: "Was there anything that you could have done that you did not do by the use of all modern means of appliances to stop that train before it hit?" This question was objected to, and exception was reserved. The witness was shown to be an expert of 17 years' experience in handling engines and trains. The engineer was an expert, and was qualified to speak as such. Connors-Weyman Steel Co. v. Harless, 202 Ala. 317, 80 So. 399.

■ Having stated what he did to prevent the accident, it was competent for Martin to testify as an expert that nothing else could be done. Blackmon v. Central of Ga. Ry. Co., 185 Ala. 635, 64 So. 592; Southern Railway Co. v. Gantt, 210 Ala. 383, 98 So. 192.

■■ Plaintiff introduced as a witness W. E. Peagler, a mechanic whose former employment had been a millwright and an engineer for 10 years. His engineering experience had been confined to the operation of a freight train and a log train. He had never operated a passenger train. This witness was not shown to have been familiar with the type of train being run by defendant at the time of the accident. It is settled law in this state that the determination of the qualification vel non of a person to give an expert opinion on a definite subject is a preliminary matter; that its decision is addressed to the sound discretion of the trial judge under the evidence bearing upon that preliminary inquiry, and will not be reviewed unless the discretion is abused. Alabama City, G. & A. Ry. Co. v. Bessiere, 197 Ala. 5, 72 So. 325; 22 Corpus Juris, 526 (610)b.

■ The question in this case is, not when defendant's engineer might have seen and become aware of plaintiff's peril, but when did he see and become aware of it. The undisputed testimony, corroborated by the physical facts, disclosed this to be when the locomotive straightened out from rounding the curve and within a distance from the crossing in which the locomotive could not stop. The defendant was entitled to the general charge. Southern Ry. v. Hale, 222 Ala. 489, 133 So. 8.

We find no error in the record, and the judgment is affirmed.

Affirmed.