168 So. 203

**POLLARD v. STEWART.**

6 Div. 878.

Court of Appeals of Alabama.

Feb. 4, 1936.

Rehearing Denied March 3, 1936.

Erle Pettus and Erle Pettus, Jr., both of Birmingham, for appellee.

W. H. Sadler, Jr., of Birmingham, for appellant.

SAMFORD, Judge.

The plaintiff and another, riding in an automobile, approached a public crossing of the double track of defendant, and before going on the track, complied with the law to "stop, look and listen" for approaching trains. Observing no approaching locomotive, plaintiff started across defendant's tracks, at the crossing. The crossing was on a public road and served a populous section, lying up and down the valley in which is located Birmingham, Hammond, Lock Town, and McElwayne, and was in frequent use by people going to and returning from Birmingham. After crossing one of the tracks and while on the other, the engine of plaintiff's car "choked down" and stopped. At the time of the stopping of the car, there was no approaching locomotive in sight. The tracks of defendant at this point ran 300 yards on a tangent to the left of plaintiff's car, in which he was sitting at the driver's seat on the left. Plaintiff began trying to start his car by use of the self-starter, choker, etc. This he continued for some three or four minutes, until the battery became weak and refused to turn the starter; his companion then got out of the car and undertook to start the car with the crank, and while so engaged, defendant's locomotive approached from the left over a grade some 300 yards away on a straight track and defendant's engineer failed to sound an alarm for the crossing as required by law. Being engrossed in an effort to start his car and to get it across the track, plaintiff did not observe the approach of the locomotive until it was within about 100 feet, when it gave a blast of the whistle, after which plaintiff made an effort to get out of the car, but too late. The car was struck by the locomotive, knocking it off the track and injuring plaintiff as alleged in the complaint.

It is too clear for argument or citation of authority that plaintiff was free of all negligence in going on the defendant's track at the time and in the manner testified to. It is equally clear that plaintiff was not at fault by reason of the stopping of the automobile on defendant's track. Nor, was plaintiff at fault in remaining in his car in an effort to get it off defendant's tracks, unless in doing so he incurred more risks than an ordinarily prudent man would have done under similar circumstances. 45 Corpus Juris 968 (521).

■ Under the evidence in this case, the defendant's engineer, in charge of its locomotive, failed to blow the whistle or to ring the bell at least one-fourth of a mile before reaching the public road crossing on which plaintiff's automobile was stalled and failed to approach such crossing at such speed as to prevent accident in the event of an obstruction at the crossing. The above requirement is made obligatory on defendant by express statute. Code 1923, § 9952. Under section 9955, Code 1923, the failure to comply with Code, § 9952, places the burden on defendant to show a compliance with that section, and that there was no negligence on the part of the company or its agents which proximately caused injury to the plaintiff. This burden, under the evidence in this case, the defendant failed to discharge as an initial proposition.

■ In the second place, it was a question for the jury to say, under the facts and circumstances, whether defendant was guilty of subsequent negligence, in failing to stop its locomotive after discovering plaintiff's peril. The track was straight for 300 yards, the headlight was bright and shining on plaintiff's car, the automobile was stopped on the track, a man was in front attempting to crank it. If the engineer was keeping a lookout ahead as he was required to do, he should have seen plaintiff's peril and have avoided it. Memphis & C. R. Co. v. Davis (Ala. Sup.) 14 So. 643.

The facts in Southern Ry. Co. v. Hale, 222 Ala. 489, 133 So. 8, do not present the same question as here. In that case the automobile was in motion and in the act of crossing the track in front of an on-coming engine and choked down and stopped in such close proximity of defendant as to make a stop by the engineer impossible, after the driver of the automobile had been himself guilty of negligence by going on the track of defendant without stopping, looking, and listening. In the instant case the position of plaintiff's car on the track was through no negligence on his part and the car was stopped on the track in plain view of defendant's engineer, for such a distance as that with ordinary care and diligence, the accident could and should have been avoided.

Was the plaintiff guilty of negligence contributing to his injury by failing to alight from his car and to place himself

beyond danger after he became aware of the approach of defendant's locomotive; or did his failure to keep a lookout for approaching locomotives constitute such negligence on his part as would bar recovery?

It was the right of plaintiff to continue to try to start his car until warned of the danger to his life or limb. In so' doing and while so engaged, he had a right to assume that in the operation of its trains, defendant would act with due care and would observe the mandates of the law in giving signals of approach to the crossing where he was engrossed in the effort to start his car and to get it removed from defendant's track. There was no duty resting on plaintiff to anticipate the culpability of defendant's servants. Briggs v. Birmingham Ry., Light & Power Co., 188 Ala. 262, 66 So. 95; Conecuh Naval Stores Co. v. Castillow, 209 Ala. 271, 96 So. 142.

So that, after plaintiff had acquitted himself of negligence by stopping, looking, and listening before going on defendant's track, he had a right to rely upon an observance of the law by defendant's agents in the operation of its trains. It, therefore, became plaintiff's duty, after becoming aware of its peril, to exercise ordinary care and prudence to prevent the injury and this, under the facts, was a question for the jury.

That part of the argument of plaintiff's counsel to which objection was made was in response to argument made by defendant's counsel, and, therefore, the exception reserved is not available here.

Assignment of error No. 4 is not insisted on in brief, and is thereby waived.

For the reasons hereinabove set out and in line with the well-known case of Cobb v. Malone, 92 Ala. 630, 9 So. 738, we hold that the motion for a new trial was properly overruled.

We find no reversible error in the record and the judgment is affirmed.

Affirmed.