168 So. 205

## POLLARD v. STEWART.

### 6 Div. 938.

Supreme Court of Alabama.

April 9, 1936.

Rehearing Denied May 28, 1936.

W. H. Sadler, Jr., of Birmingham, for petitioner.

Erle Pettus, of Birmingham, opposed.

BOULDIN, Justice.

Under the statement of facts by the Court of Appeals, the jury were clearly justified in finding negligence either initial or subsequent, as a proximate cause of the injury. It is not essential that they should determine whether the one or the other, except as such finding, should enter into their inquiry touching contributory negligence.

█ Failure to give the statutory signal for the crossing (Code 1923, § 9952) is correctly held initial negligence, which, in this case, may reasonably be found the proximate cause of the injury.

The case of Southern R. Co. v. Hale, 222 Ala. 489, 133 So. 8, relied upon by appellant, involved injury to the automobile. Under the facts there stated, it was held the stalling of the car on the crossing as the train was approaching, and the resultant injury, were not attributable to any failure to give signals. Here, the injury is to the person. A timely signal may reasonably have caused the driver, engaged in trying to start the car, to take prompter measures for his own safety.

On the question of lookout, the jury could infer the trainmen were either negligent in that respect, or negligent after discovery of peril.

█ It may be conceded, that, in the absence of any evidence, failure to keep a lookout may not be presumed as a basis for an inference of a more serious neglect of duty, failure to use preventive effort after discovery of peril.

█ But the jury could reasonably infer there was negligent failure to keep a lookout, or else a failure of duty after discovery of peril. In either event, if there was no contributory negligence on the part of plaintiff, which, we agree was a question for the jury, the verdict was allowed to stand without error.

Writ denied.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.