**ATLANTIC COMPANY, a corporation, v. IDA BANNISTER OREN-DORFF.**

22 So. (2nd) 260
May 11, 1945
Rehearing denied June 14, 1945

January Term, 1945
En Banc

2

*E. W. & R. C. Davis, Wallace E. Davis* and *Ellis F. Davis,* for appellant.

*G. P. Garrett* and *Murray W. Overstreet,* for appellee.

BROWN, J.:

This is an appeal by defendant below from an adverse judgment awarding damages in an action in tort.

Plaintiff's declaration consisted of a single count, consisting of several paragraphs, and winding up with the usual general ad damnum clause. The allegations, briefly stated were that plaintiff, in November, 1943, owned and operated a restaurant business in the South part of Kissimmee, and defendant was selling and furnishing plaintiff with bottled beer, made and bottled by defendant in its plant at Orlando, Florida, knowing that plaintiff would sell same at retail to her customers, and that it was defendant's duty to furnish plaintiff with beer that was wholesome and fit for human consumption. That plaintiff paid defendant for the beer. So much for the allegations by way of inducement.

The breach of duty or wrongful act complained of was that, during the week of November 8, 1943, the defendant delivered to plaintiff several bottles of contaminated beer, unfit for human consumption, which plaintiff, not knowing that the same was so contaminated, sold to her customers, who discovered the contamination, and declined to drink the same, and that this became known to the public, and caused plaintiff's sales of all kinds of food, drink and other commodities to fall off and decrease, thereby causing the plaintiff to suffer great loss of profits in her said business; that said negligence of plaintiff in bottling the aforesaid bottles of beer was the proximate cause of the damage resulting to plaintiff as aforesaid. "Wherefore, plaintiff sues the defendant and claims damages in the amount of $10,000.00."

The defendant filed a plea of the general issue, to the effect that it was not guilty, and two other pleas which were really covered by the plea of the general issue and hence unnecessary. Plaintiff testified that in connection with her restaurant business she sold beer and ale to her customers— Atlantic beer and Ballentine ale; that on November 11, 1943,

the defendant's truck driver delivered to her 48 bottles of beer and that on that same day two of her customers discovered the contaminated condition of the beer and upon examination she found that about 8 bottles were likewise contaminated and that she put these ten bottles of beer aside and had them examined later by a physician who found them to be contaminated and who testified in the case. One of these two customers was in the service and did not testify. The other one, James Barker, did testify. The latter testified that he continued to patronize plaintiff's cafe but did not drink any more beer there, that he had bought ale there, though he preferred beer; that he told the other boys that he associated with about the contaminated beer he had discovered there on November 11, 1943, as he did not want them to drink any of it and they discussed it among themselves. There is no clear evidence that the general public became informed about the discovery of these two bottles of bad beer. Just how far this information spread beyond James Barker's circle of friends is not shown by this record. Plaintiff testified that she took this matter up with her lawyer and asked him to make complaint to the Company about it, and that after such complaint was made the defendant did not deliver to her any more beer at all; that beer was a leader, a drawing card, and that after the defendant Company ceased making deliveries to her, her business began falling off; that under the rationing conditions existing at the time she could not obtain beer from any other source; that she was making about $100.00 per month out of her restaurant business at the time the defendant ceased delivery of beer to her, but that immediately the business commenced to go down. Plaintiff was asked these questions:

"And you complained immediately after the occurrence, is that right?

Ans. "Yes."

"And they didn't furnish you any more beer?

Ans. "No sir."

"And that's the reason your business fell off, is that right?"

Ans. "Yes Sir."

Plaintiff on cross examination stated that she did not make any effort to get the defendant to deliver any more beer to her after November 11, 1943; that if she had gotten it, her customers would not have wanted it. But the purport of her testimony as a whole is that the failure of the defendant to deliver any more beer to her after November 11, 1943, was the main cause of the decline in her business; that before this happened she had been offered $2000.00 for her business which she did not accept, that she thought her business was worth $3000.00, but that after November 11, 1943, her business continued to decline until June, 1944, she sold it for $279.00, the value of her equipment and stock of goods on hand at the time, getting nothing for the good will of the business.

The defendant put on the stand its master brewer and one of its officers who testified as to defendant's methods in making and bottling beer; that the brewery and bottling plant consisted of the latest, most improved and sanitary machinery, and the purport of their testimony was that it was physically impossible for this beer to have become contaminated in the brewery or bottling works connected therewith. However, they did admit that on account of war conditions they were compelled to use recaps, caps that had been used before, and from this evidence the jury might have deducted that these several bottles of beer might have well become contaminated from defective recaps.

At the close of the plaintiff's testimony, defendant moved the court to instruct the jury to find a verdict in defendant's favor. At the close of defendant's argument in behalf of this motion the presiding circuit judge stated that there was no charge in the declaration that plaintiff suffered damages because of the defendant's failure to furnish her beer; that there was a question as to whether the loss of sales by reason of plaintiff not having beer could have been attributed to the negligence alleged; that the court thought the doctrine of res ipsa loquitur applied; and that the plaintiff had made out a prima facie case of nominal damages, and denied defendant's motion.

After defendant had introduced evidence as to its methods of manufacturing and bottling of beer, its delivery man was

placed on the stand and he testified that he went to plaintiff's cafe several times during a period of four or five weeks after November 11, 1943, but that no one was there and he thought that the business was closed; that plaintiff had told him that she contemplated going off on a vacation for thirty days or more and that for him to call and pick up her "empties," four cases, which he did a few days after November 11, 1943.

In his charge to the jury the circuit judge stated that "the gravamen of this action is the negligence of the defendant in the preparation and sale of beer to the plaintiff." And furthermore; "The defendant is not liable as an insurer of the plaintiff's business, and therefore is not liable if her business was damaged unless you believe from the evidence that the defendant was guilty of negligence in preparation and sale of the bottles of beer to the plaintiff, who in turn offered said bottles of beer to the public, which in turn damaged the plaintiff's business."

The jury returned a verdict in favor of plaintiff for $750.00. Motion for new trial was interposed and overruled.

Of course it is well understood that the plea of not guilty operated as a denial only of the breach of duty or wrongful act alleged to have been committed by the defendant. See Circuit Court Rule 32. Briefly stated, the breach of duty or wrongful act charged in the declaration was the sale and delivery to plaintiff of several bottles of contaminated beer, unfit for human consumption. As the trial judge stated, when ruling upon the motion of defendant for a directed verdict, on the charge of negligence as made in the declaration the plaintiff was entitled to at least nominal damages. We are quite sure that the trial judge was convinced from plaintiff's own testimony that the main cause of the damages suffered by plaintiff was the failure of the defendant to deliver her any more beer after November 11, 1943, but that this declaration afforded no ground for recovery of damages on that score. In this the trial judge was correct. It is well settled that, regardless of what the evidence may otherwise show, plaintiff must recover, if at all, on the case made by her declaration.

Counsel for plaintiff in the court below, appellee here, contends that the verdict should be upheld on the theory that the

evidence showed the sale and delivery by defendant of contaminated beer, that plaintiff complained about this and defendant stopped further delivery, and that therefore the damages caused to plaintiff by the cessation of deliveries of beer was the proximate result of defendant's wrongful act in delivering the several bottles of contaminated beer to plaintiff on November 11, 1943. This contention is ingenious, but not convincing. The declaration nowhere alleges that the plaintiff suffered any damage whatsoever from the failure to deliver beer to her after November 11, 1943; nor is there any allegation that any duty rested upon the defendant to make such deliveries. We think this record as a whole shows that practically all of plaintiff's damage was caused by her failure or inability to get beer for her cafe after November 11, 1943; that on the charge made in the declaration, the plaintiff was entitled to at least nominal damages, but that the amount of damages awarded was, on the evidence in the case and under the declaration, excessive, which was one of the grounds of the motion for new trial. Our view is that this ground was well taken and that the case should be reversed for a new trial on the question of the amount of damages only.

Reversed and remanded.

CHAPMAN, C. J., TERRELL, BUFORD, THOMAS and ADAMS, JJ., concur.

SEBRING, J., dissents.