Action by Nettie R. Collins against Selighman Latz of Jacksonville, Inc., a corporation, to recover for injury to plaintiff's scalp because of the application by defendants of a lacquer to plaintiff's hair. From an order sustaining defendant's demurrer to the amended declaration, the plaintiff appeals.
Reversed.
The question presented by this appeal is whether the Circuit Judge erred in sustaining the demurrer to the amended declaration and entering a final judgment against the plaintiff. An inspection of the amended declaration discloses that the plaintiff failed to allege as a matter of fact that the lacquer which it is alleged the defendant used upon the plaintiff's hair would, if allowed to come into contact with the scalp, have a harmful and injurious effect thereon. The amended declaration contains an allegation "that the defendant knew, or by the exercise of reasonable care and diligence ought to have known, that the said lacquer would, if allowed to come into contact with the scalp, have a harmful and injurious effect thereon and would thereby injure and harm the hair by reason of its effect upon the scalp." This allegation is not a positive averment that the said lacquer would have a harmful and injurious effect if allowed to come into contact with the scalp.
From said allegation it might be inferred or deduced that it is a fact the *Page 133 
lacquer used by the defendant would, if allowed to come into contact with the scalp, have a harmful and injurious effect thereon and would thereby injure and harm the hair. Neither innuendo nor intendment is a legally sufficient substitute for an allegation of ultimate fact.
The order sustaining the demurrer to the amended declaration should be, and it is hereby affirmed, with directions however, to the Circuit Judge that he shall allow the plaintiff a reasonable length of time within which to amend her declaration as she may be advised.
Affirmed with directions.
THOMAS, C.J., and ADAMS and SEBRING, JJ., concur.