On Rehearing
What was the negligence in this case which was directly responsible for the injury to the appellee (plaintiff below)? It is alleged in the declaration that the appellant (defendant below) "carelessly and negligently propelled and ran said train against and upon the plaintiff". It developed in the first instance upon the trial of this case that there was a rule of the appellant railroad company denominated Rule 26 and commonly known as the Blue Flag Rule. The non-observance of this rule was the real cause of the accident which visited the injuries upon the appellee. The allegation of the declaration hereinabove quoted gave no hint or suggestion that upon the trial the appellant would be charged with negligence which consisted of non-observance of Rule 26 if indeed it could be so charged. The rule itself declares that the burden of observing it is upon the employee. Consequently (and again for the first time at the trial) another position was taken by appellee, to-wit: appellant was guilty of negligence which was the proximate cause of the injuries to appellee in that it failed to instruct appellee with reference to the Blue Flag Rule. Appellee did not testify concerning his knowledge, lack of knowledge or instruction upon the subject of Rule 26. He did testify that Mr. Wright, who was the yardmaster, told him when he first went to work for appellant "what his duties were and what to do". The only inference which may properly be drawn from appellee's testimony is that he was instructed by Mr. Wright concerning all of his duties including his duty to observe the Blue Flag Rule. There is a time-honored universal rule of law — indeed it is as old as the law itself — that a person upon whom a duty has been placed is presumed to have performed it unless the contrary be made to appear.
In any event, the appellant was for the first time charged with non-observance of the Blue Flag Rule or failure to inform the appellee of his duty under said rule upon the trial of this case. Consequently, the trial was not fair for the real issue was not created by the pleadings and, therefore, was not appropriately and squarely placed before the jury. Regardless of what is disclosed by the evidence the plaintiff must recover, if at all, on the case made by his declaration. Louisville N.R. Co. v. Harrison, 78 Fla. 381, 83 So. 89; Atlantic Company v. Orendorff,156 Fla. 1, 22 So.2d 260.
This case is one which understandably engenders human sympathy but the exercise of this virtue is often injudicious. It may cause judicial officers to fail to respect "the cold neutrality of the law" and to depart fortuitously from controlling precedent. For the writer's views concerning this subject and the impropriety of applying equitable principles to common law actions under our present system of jurisprudence which recognizes a clear-cut distinction between law and equity see the dissenting opinion in Collins v. Selighman Latz, etc., Fla., 38 So.2d 132.
This case should be, and it is hereby, reversed for a new trial upon repleader consonant with the views expressed herein.
Reversed.
THOMAS, J., and BROWN and WHITE, Associate Justices, concur.
ADAMS, C.J., and TERRELL and CHAPMAN, JJ., dissent. *Page 896