PEARSON, Judge.
Paul L. Mansell, Jr., appeals a final judgment rendered against him in the trial court. The plaintiff was George B. Foss, Jr., an attorney at law. Foss sued Mansell on a complaint in which he claimed damages because of the breach" of a written contract of employment whereby Mansell retained Attorney Foss for certain litigation and agreed to pay a reasonable fee therefor. Foss claimed that he performed the services but was paid nothing beyond a retainer. After trial before the court without a jury, the trial court found for Attorney Foss but upon a theory different from that set forth in the complaint. No motion was made, nor was there any suggestion by the court, that the pleadings were amended to conform to the evidence. See Fla.R. Civ.P. 1.190 and Dixie Farms, Inc. v. Timmons, 323 So.2d 637 (Fla.3d DCA 1975). The court found as. follows:
.“1. The Court finds the defendant-and the law firm of Fowler, White, Gillen, Humkey and Trenam entered into a written contract for. the law firm to provide legal service to the defendant arising from a dispute between the defendant and certain Monroe County officials concerning a garbage franchise. The agreement was ratified by the defendant in writing, the payment of costs and retainers, and by oral acceptance.
, “2. The legal services were provided on behalf of the law firm largely by George B. Foss, Jr., and from the evidence, it appears something in excess of 900 hours were expended in behalf of the defendant in this litigation.”
On this appeal, appellant Mansell maintains that the trial court erred in allowing into evidence, as a surprise to him, an assignment to the effect that, although the work was performed by a former firm of which Foss was a member, the rights to the fee had been assigned by the firm to Foss, individually. Appellant’s position is supported by the record and we agree that such procedure requires a reversal of the judgment.' “It is well settled that, regardless of what the evidence may otherwise show, plaintiff must recover, if at all, on the case made by her declaration.” Atlantic Co. v. Orendorff, 156 Fla. 1, 22 So.2d 260 (1945). See also Atlantic Coast Line R._ Co. v. Johnson, 40 So.2d 892 (Fla.1949). Whereupon, the final judgment is reversed and the cause remanded to the trial court with directions to provide the plaintiff. with an opportunity to amend his complaint if he so desires.
Reversed and remanded with directions.