400 So.2d 204 (1981)
Gerald L. THOMAS, Jr., Appellant,
v.
PERSONAL REPRESENTATIVE OF the ESTATE OF Leo Z. DeLOACH, Sr., Deceased; Leo Z. DeLoach, Jr., As Heir at Law of Leo Z. DeLoach, Sr., Deceased; and General Accident Fire and Life Assurance Corporation, Ltd., an Insurance Corporation, Appellees.
No. VV-55.
District Court of Appeal of Florida, First District.
July 1, 1981.
*205 G. Frank Godfrey of Wood, Godfrey & Callin, P.A., Jacksonville, for appellant.
Stephen E. Day and Harris B. Brown of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, for appellees.
PER CURIAM.
Thomas appeals the dismissal of his complaint for failure to prosecute. We reverse and remand.
On October 20, 1978, Thomas filed a complaint against DeLoach's estate alleging DeLoach had negligently operated a vehicle thereby injuring Thomas. The defendant, General Accident Fire and Life Assurance Corporation (General), moved to dismiss the complaint on March 7, 1979. On March 21, 1979, the court entered a Notice of Trial and on May 9, 1979, the court filed a Memorandum on Cancellation. The record reflects no other activity until March 12, 1980, when General moved to dismiss for lack of prosecution pursuant to Florida Rule of Civil Procedure 1.420(e) (1980). Following a hearing, the trial court entered an order dismissing the cause.
Rule 1.420(e) provides in part:
All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing, at least five days before the hearing on the motion, why the action should remain pending.
The rule was designed to require prompt prosecution of cases and to prevent the clogging of the trial court's docket. Strader v. Morrill, 360 So.2d 1137 (Fla. 1st DCA 1978). The rule, however, specifically provides that "[m]ere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute." Any record activity filed by a party or the court within the year prior to the motion to dismiss which is intended to move the cause to judgment precludes dismissal. Harris v. Winn Dixie Stores, Inc., 378 So.2d 90 (Fla. 1st DCA 1979).
The trial court entered the Notice of Trial within the twelve-month period prior to General's filing of the motion to dismiss. The courts have consistently held that a notice of trial or hearing is sufficient action to avoid the effect of a motion to dismiss under Rule 1.420(e). Adams Engineering Co. v. Construction Products Corp., 156 So.2d 497 (Fla. 1963); City of Miami v. Railway Express Agency, Inc., 141 So.2d 285 (Fla. 3d DCA 1962); Milu, Inc. v. Duke, 256 So.2d 83 (Fla. 3d DCA 1971); Kenet v. Stein, 326 So.2d 36 (Fla. 3d DCA 1976). Since the trial judge entered the Notice of Trial within the twelve months prior to the motion to dismiss, the appellee's motion was prematurely filed and the trial court erred in ordering the dismissal. The fact that the trial date was later cancelled has no bearing on the effect of the notice. The court notes this error may have occurred due to a change in the presiding trial judge.
Accordingly, the cause is reversed and remanded for action consistent with this opinion.
SHIVERS and WENTWORTH, JJ., and OWEN, WILLIAM C., Jr. (Ret.), Associate Judge, concur.