477 So.2d 70 (1985)
Gary SHERERTZ, Appellant,
v.
KEY WEST OCEANSIDE MARINA and Hartford Insurance Group, Appellees.
No. BE-391.
District Court of Appeal of Florida, First District.
October 30, 1985.
*71 Charles C. Powers and Robert J. Soraci, West Palm Beach, for appellant.
Mark L. Zientz of Williams and Zientz, Coral Gables, for appellees.
PER CURIAM.
Sherertz appeals the dismissal of his claim for attorney fees, which the deputy commissioner dismissed on the ground of failure to prosecute. We reverse and remand.
The employer/carrier filed a motion to dismiss the claim for attorney fees filed below by Sherertz on the ground that Sherertz failed to prosecute. This motion was granted by the deputy. However, a review of the record reveals three notices of hearing within the two-year period prior to filing of the motion to dismiss. This record activity is sufficient for the claim for attorney fees to survive a motion to dismiss for failure to prosecute.
We find the appropriate limitation period runs from the motion to dismiss backward two years. Furthermore, a notice of hearing filed by either party or the court is sufficient activity to survive a motion to dismiss for failure to prosecute. Thomas v. Personal Representative of Estate of DeLoach, 400 So.2d 204 (Fla. 1st DCA 1981). Recognizing that Thomas is a civil case interpreting Rule 1.420(e), Florida Rules of Civil Procedure, this court finds Rule 1.420(e) to be analogous to Rule 11(b), Florida Workers' Compensation Rules of Procedure, and Thomas to be dispositive in interpreting Rule 1.420.
Accordingly, this cause is reversed and remanded for action consistent with this opinion.
NIMMONS and ZEHMER, JJ., and GUYTE P. McCORD, Jr. (Ret.), Associate Judge, concur.