ZEHMER, Judge.
Petitioners have filed their petition for writ of certiorari pursuant to Florida Rules of Appellate Procedure 9.030(b)(2)(A) and 9.100(c) to review a workers’ compensation order which (1) granted claimant’s motion to change venue over petitioners’ objections and (2) consolidated into one final hearing in Tampa his two claims against petitioners pending in District E with his two prior claims against other parties pending in District D. We have jurisdiction to grant the writ and quash the order. Hoboken Drywall Co. v. Telfair, 417 So.2d 1169 (Fla. 1st DCA 1982).
Claimant, while employed as a boilermaker by Tompkins-Beckwith in September 1979, and while similarly employed by Lakeland Construction Company in May 1981, was exposed to toxic welding fumes which he claims caused organic brain damage or other damage resulting in psychiatric injury and impairment and a reduction in wage-earning capacity. These two claims arose in District D (Tampa area). Although both employers concede the occurrence of an accident, they contend that the claimed psychiatric injury preexisted the accidents.
In 1985 claimant was employed as a welder by Riley-Stoker, the petitioner, whose principle place of business is in District E (St. Petersburg area). Claimant filed a formal workers’ compensation claim alleging he sustained a low back injury on February 14, 1985. The claim was pretried in District E before Deputy Commissioner Gary E. Frazier. The application for hearing was dismissed when the employer authorized treatment by Dr. Cohen and a neurological exam by Dr. Bass. Claimant returned to work until June 24, 1985, when he reinjured his lower back. Claimant returned to work shortly thereafter for several months. A formal claim for the second low back injury was filed on November 20, 1986. No pretrial was conducted on this claim. Although petitioners concede that the accident occurred, they contend it was simply an exacerbation of the first back injury. Claimant reached maximum medical improvement on September 2, 1986, and was given a five percent permanent impairment by Dr. Bass.
On January 14, 1987, claimant resided in Tampa and filed a motion in District D to consolidate all four claims into one final hearing. The motion alleged in general language that the medical and legal issues were the same, similar, or overlapping and that consolidation would avoid multiple *1298 hearings and unnecessary expenses. Claimant’s attorney also filed with Deputy Frazier of District E a motion for continuance of the pretrial conference for the accident of June 24, 1986, and informed him of the motion to consolidate pending before Deputy Tidwell in District D. Deputy Frazier granted the continuance.
A hearing on the motion to consolidate was conducted in Tampa on Februaiy 2, 1987. The employers and carriers involved in the first two accidents did not object to consolidation of the four claims. Petitioners, Riley-Stoker and Cigna, opposed the motion, stating there were no common medical or legal issues and that proper venue for the claims against it lay in District E. On February 5, 1987, Deputy Tid-well granted the motion to consolidate on the authority of Bryant v. Hollywood Beach Hotel Co., 1 F.C.R. 350 (Feb. 28, 1956), stating, “However, if it should appear at some later time that the claims are separable, consideration will be given to severance.” Although the record implies the motion to consolidate was granted with the full concurrence of Deputy Frazier, there is no documentation or competent evidence of this fact.
Initially we note that petitioners suggest that since there is no workers' compensation statute or rule dealing with the issue of consolidation, Florida Rule of Civil Procedure 1.270(a) permits consolidation in workers’ compensation cases when there is a common issue of law or fact. Petitioners cite Sherertz v. Key West Oceanside Marina, 477 So.2d 70 (Fla. 1st DCA 1985), for the proposition that Florida Rules of Civil Procedure may be looked to in situations where there is no applicable workers’ compensation rule. This interpretation of Sherertz is erroneous. Sherertz merely states that a workers’ compensation rule containing language similar to a comparable rule of civil procedure should be given the same construction. Since there is no workers’ compensation rule that provides for consolidation of claims or change of venue, the rationale of that decision is wholly inapplicable.
We hold that Deputy Tidwell had no authority under the statutes or rules to order these claims transferred from Deputy Frazier and consolidated with claims pending before Deputy Tidwell. Only Deputy Frazier could transfer the case out of his district once it was properly filed there, and then such transfer to a different venue could be accomplished only upon full compliance with section 440.25(3)(b), Florida Statutes (1985), the applicable venue statute. Neither the deputy commissioner nor this court is authorized by chapter 440 to fashion procedures inconsistent with the plain language of that venue statute. Section 440.25(3)(b) requires that a claim must be tried in the district in which the injury or accident occurred unless otherwise agreed to by the parties and authorized by the deputy of the district where the injury occurred. These statutory requirements were not followed in this case because petitioners did not agree to the change and because Deputy Frazier neither entered the order of transfer nor evidenced of record that he otherwise approved the transfer. Accordingly, the order was erroneously entered and should be quashed. Hoboken Drywall Co. v. Telfair, 417 So.2d 1169 (Fla. 1st DCA 1982) (order granting claimant’s requested change of venue without agreement of the employer and carrier was error where the record showed that the injury occurred in the county in which the claim was initially brought); Pepsico Building Systems v. Casebier, IRC Order 2-3125 (Mar. 10, 1977) (error to grant change of venue where record reflected that carrier for employer had not agreed to the change of venue).
We do not follow the Bryant case cited in the deputy’s order because that decision is notably lacking in citation of authority supporting its conclusion. We prefer to rest our decision on the provisions of section 440.25(3)(b). We are not unmindful of the practical considerations underlying that decision, and recognize that provision should be made for transferring venue and consolidating claims involving common issues of fact or law without the necessity of having both parties agree. We request, therefore, that the Chief Commissioner ini *1299 tiate action, if he deems it appropriate, to amend the pertinent statutes or rules as necessary to accomplish this purpose.
The petition for writ of certiorari is GRANTED, and the order of consolidation is QUASHED with directions that the two claims which arose in Pinellas County be tried before the deputy commissioner in District E unless the parties comply with section 440.25(3)(b).
JOANOS and WIGGINTON, JJ., concur.