PER CURIAM.
Wellcraft Marine Corp. appeals from a final judgment awarding Outdoor World, Inc., actual and punitive damages based upon Outdoor World’s action for fraud. Outdoor World cross-appeals that portion of the final judgment finding in favor of Wellcraft on Outdoor World’s breach of oral contract claim. For the reasons which follow, we affirm the final judgment as to the breach of oral contract claim and reverse the award of damages.
In 1975 Outdoor World obtained a franchise for the sale of boats manufactured by Wellcraft Marine Corp. Beginning in 1975 and in each succeeding year, Outdoor World entered into a one-year written dealership agreement with Wellcraft. By 1985, Wellcraft boats accounted for 97% of Outdoor World’s sales. In April, 1985, Well-craft notified Outdoor World that its dealership would not be renewed. Outdoor World brought an action against Wellcraft. Count I of Outdoor World’s amended complaint alleged breach of an oral contract entered into by the parties each year after the written agreement had been signed. Count II alleged fraud in the inducement to enter into the oral agreement, specifically:
16. That on or about June 1975 and every year the oral agreement was renewed the Defendant falsely and fraudulently and with intent to deceive and defraud the Plaintiff, represented to the Plaintiff the following: “that the Plaintiff would not lose its distributorship as long as it A) Met its quota, B) The Plaintiff did not have many service problems, and C) The Plaintiff paid its bills to Well-craft.”
* * * * * *
19. The Plaintiff believed and relied upon said representation and was thereby induced to enter into said agreement in 1975 and every year thereafter.
Count III alleged slander. The action proceeded to a jury trial. The jury found in favor of Wellcraft on the slander count. The jury specifically found that no oral contract existed between Outdoor World and Wellcraft; nonetheless, the jury found in favor of Outdoor World on the fraud count and awarded actual and punitive damages totalling $99,901. Wellcraft’s motions for a new trial and for judgment in accordance with its motion for directed verdict on the fraud count were denied, and judgment was entered in accordance with the verdict.
Outdoor World is correct in its assertion that the existence of a valid and enforceable oral contract is not a prerequisite to an action for damages based upon tortious fraudulent misrepresentation. Hamlen v. Fairchild Indus., Inc., 413 So.2d 800 (Fla. 1st DCA 1982). It is well settled, however, that a “plaintiff must recover, if at all, on the case made by [its] declaration.” Atlantic Co. v. Orendorff, 156 Fla. 1, 5, 22 So.2d 260, 263 (1945) (en banc); Resorts Int’l Inc. v. Charter Air Center, Inc., 503 So.2d 1293 (Fla. 3d DCA 1987). Count II by its clear terms pleads a theory of fraud in the inducement of an oral contract, not fraud sounding in tort. Because the jury specifically found that no oral contract existed between the parties, its finding of fraud in the inducement of an oral contract cannot be sustained. The award of actual and punitive damages for fraud, therefore, must fail. Outdoor World’s point on cross-appeal that the jury was improperly instructed on the parol evidence rule is without merit.
The final judgment is affirmed as to the finding in favor of Wellcraft on Outdoor World’s breach of oral contract claim. The final judgment is reversed as to the award of damages to Outdoor World.
Affirmed in part and reversed in part.