WELLS, Chief Judge.
Jerome Feldman and Networks USA XXX LLC[1] appeal from an order granting defendant, Villa Regina Association, Inc.’s, motion for new trial. Villa Regina cross-appeals from an order denying its motion for judgment in accordance with its motion for directed verdict. We reverse both orders and remand with instructions to enter judgment in Villa Regina’s favor.
This action involves a number of claims all arising from alleged water intrusion, and damage therefrom, into a condominium unit owned by Feldman. From the start, and consistently throughout, Feld-man chose to proceed solely on the theory that the injury to his unit was permanent and sought to recover only the “substantial diminution in the value of the [condominium] and loss of use (fair rental value)” caused by the water intrusion.[2] See Bisque Assocs. of Fla., Inc. v. Towers of Quayside No. 2 Condo. Ass’n, 639 So.2d 997, 999 (Fla. 3d DCA 1994) (wherein this court explained that “[ujnder general principles of tort law, where the injury to real property is merely temporary, or where the property can be restored to its original *972 condition at reasonable expense, the measure of damages should include the cost of repairs or restoration. Where the cost of repair exceeds the value of the property in its original condition, or where restoration is impracticable, [referred to in other cases as a permanent injury] the measure of damages is diminution of value”) (citations omitted).
At trial, and consistent with his representations throughout, Feldman made no effort to prove the cost of restoring the unit but sought to establish only how much the value of the unit had been diminished by virtue of the alleged water intrusion. In doing so, he introduced the testimony of licensed appraiser Lee War-onker who utilized an estimate provided by a general contractor for repairs to the unit in determining the diminution in value of the unit.[3] At the close of the testimony, the jury was asked whether the damage suffered, if any, was permanent as opposed to temporary. See Bisque, 639 So.2d at 999 (reversing and remanding for new trial on damages “so that a jury may decide the nature of the injury and, accordingly, the measure and amount of damages due”). The jury returned a verdict finding that the damage suffered by Feldman was temporary, with no diminished value attributable to a permanent injury. On that determination, judgment should have been entered in Villa Regina’s favor.
However because the verdict form additionally asked the dollar amount of damages due for a temporary injury, which the jury pegged at $1,453,000, and because there was no evidentiary support for this award, the court below granted a motion for a new trial on damages.[4] Because Feldman sought only diminution value for a permanent loss, a claim rejected by the jury, no basis exists for determining restoration damages — damages that Feld-man repeatedly renounced. Judgment *973 should have been entered for Villa Regina. See Resorts Int'l, Inc. v. Charter Air Ctr., Inc., 508 So.2d 1298, 1295 (Fla. 3d DCA 1987) (“ ‘It is well settled that, regardless of what the evidence may otherwise show, plaintiff must recover, if at all, on the case made by her declaration.’ Atl. Co. v. Orendorff, 156 Fla. 1, 22 So.2d 260, 263 (1945) (en banc); see also Mansell v. Foss, 343 So.2d 910 (Fla. 3d DCA 1977).”); accord Wellcraft Marine Corp. v. Outdoor World, Inc., 533 So.2d 775, 776 (Fla. 3d DCA 1988).
The orders on appeal are, therefore, reversed with this cause remanded for entry of judgment in Villa Regina’s favor.[5]

. Title to the condominium unit at issue here initially was held by Feldman and his wife but later was transferred to Networks USA XXX, LLC. While both Feldman and Networks are appellants/cross-appellees here, they will be referred to collectively as Feldman.

. To this end, Feldman's counsel repeatedly represented to both the court and opposing counsel that "our claim is for diminution of value only. I'm not seeking restoration damages. I won’t ask the court for restoration damages.”

. Q. So after you determined the market value of the unit in the undamaged condition, Mr. Waronker, how do you go about determining the value of the unit as it really was at that time?
A. As it was, the first thing we deducted was the cost that was provided to us by, I think it was Southern, was a cost to repair the unit.
Q. Now you’re referring to an estimate for construction costs, by Southern Construction Services?
A. Yes, sir.
Q. That’s a licensed general contractor?
A. To my knowledge.
Q. Is this the type of information that an appraiser would look at, an estimate, a construction cost estimate, in determining diminishment of value?
A. In fact, I think our letter of authorization to the client asked that they provide us with a cost estimate by a licensed contractor.
Q. Now, what was the estimate by Southern Construction Services to repair the unit?
A. Rounded, 1,453,000.

. No competent, substantial evidence was adduced below to support an award of restoration costs. Waronker's testimony citing to a general contractor’s repair estimate, the only testimony adduced regarding restoration costs, could not be used as a conduit for introducing this otherwise inadmissible evidence. As this Court made clear in Smithson v. V.M.S. Realty, Inc., 536 So.2d 260, 261-62 (Fla. 3d DCA 1988):
Although an expert witness is entitled to render an opinion premised on inadmissible evidence when the facts and the data are the type reasonably relied on by experts on the subject, Bender v. State, 472 So.2d 1370 (Fla. 3d DCA 1985); Sikes v. Seaboard Coast Line R. Co., 429 So.2d 1216, 1222 (Fla. 1st DCA) review denied, 440 So.2d 353 (Fla. 1983); Gomez v. Couvertier, 409 So.2d 1174 (Fla. 3d DCA 1982); ... the witness may not seive as a conduit for the presentation of inadmissible evidence. See Sikes, 429 So.2d at 1222-23.
(Emphasis added.); see Erwin v. Todd, 699 So.2d 275, 111 (Fla. 5th DCA 1997); Maklakiewicz v. Berton, 652 So.2d 1208, 1209 (Fla. 3d DCA 1995).

. This determination resolves the additional points raised in both the appeal and the cross-appeal.