HENDRY, Judge.
The pivotal question raised by this appeal is whether the trial court erred in granting *803 summary judgment in favor of defendant/appellee based upon the statute of limitations as operating to bar an amendment to plaintiff/appellant’s complaint seeking attorney’s fee. Specifically, we are herein concerned with the concept of the “relation back of amendments” under Fla.R.Civ.P. 1.190.
In a prior appeal filed by the defendant, this court reversed a former judgment for the attorney rendered by the circuit court on the ground that where the attorney sued to recover a fee under a written contract of employment between the attorney and the defendant, it was error to allow into evidence, as a surprise to defendant, an assignment to the effect that, although the legal work was performed under the auspices of the law firm in which George B. Foss, Jr., Esquire, was a member, the rights to the fee had been assigned by the firm to Foss, individually; thus, the trial court erred in finding for Foss on a theory different from that set forth in the complaint. This court remanded the cause to the trial court with directions to provide Foss with an opportunity to amend his complaint to conform to the evidence. See Mansell v. Foss, 343 So.2d 910 (Fla. 3d DCA 1977). After remand, Foss amended his complaint asserting, inter alia, that he was entitled to recovery of attorney’s fees, individually, and as the assignee of the law firm in which he had been a partner at the time of the alleged breach of employment contract by Mansell, and a copy of the law firm’s assignment was attached as an exhibit. Thereafter, Mansell set forth the affirmative defense of a five-year statute of limitations, reciting that the original complaint was filed in November of 1973 upon a cause of action which accrued in June of 1969, and that Foss’ production of the assignment after this court’s remand in 1977 constituted the introduction of a new party plaintiff and was not an “amendment” but a new cause of action, thus, making the relation back concept inapplicable.[1] The trial court entered summary judgment in favor of Mansell on the basis that the five-year statute of limitations had run on any cause of action the law firm may have had against Mansell. We cannot agree. Fla.R.Civ.P. 1.190(c) provides that:
“Relation Back of Amendments. When the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.”
The record reflects that appellee personally retained George B. Foss, Jr. to perform legal services for him; that appellee was aware that appellant was a partner in the law firm of Fowler, White, Collins, Gillen, Humkey & Trenam; that Foss performed ninety-nine percent (99%) of the legal services for Mansell; that it is the common practice in the firm that assignments are executed by the firm in order for one of its attorneys to prosecute a cause of action to recover attorney’s fees; that the effect of the assignment was to transfer the law firm partnership’s alleged right of action to Foss as its assignee.
The amendments made by appellant do not constitute a new cause of action and the relation back concept is applicable here to defeat the affirmative defense raised by the appellee. The greatest change to have occurred upon the filing of the amended complaint was actually a broader description of the attorney-plaintiff as the assign- *804 ee of the law firm in which he was a partner. Appellee has failed to show that he could have been subjected to the danger of double exposure on the claim asserted by Foss—by virtue of the. fact that the written assignment was attached to the amended complaint.
It should also be noted that, pursuant to the holding in Aronovitz v. Stein Properties, 322 So.2d 74 (Fla. 3d DCA 1975), where a partnership desires to sue on a contract, each partner is an indispensable party to such suit. However, under the facts of this cause the assignment alleviated any need for the law firm partnership entity to have sued in each individual name of its partners.
Accordingly, the judgment appealed is reversed and remanded with directions to proceed with the cause.
Reversed and remanded.

. The theory espoused by appellee as to the inapplicability of the relation back of amendments rule where a new party plaintiff had been added may have been refuted on the authority of the holding in Handley v. Anclote Manor Foundation, 253 So.2d 501 (Fla. 2d DCA 1971), cert. den. 262 So.2d 445 (Fla.1972). In that case the court impliedly recognized that it was departing from existing law (the statute of limitations and a hew cause of action), but justified the result on the inability of the defendants to show prejudice to their defense. At 502, the court stated: “The defendants knew upon the filing of the original complaint that there was a child who survived the decedent and who might plausibly claim under the wrongful death statute on the same allegations of fact. There is no surprise . . . ” However, in the instant case, we do not believe that the amended complaint added a new party plaintiff.