## BEDELL, etc. v MARSHALL
### Case No. AP 88-6146 AN
Fifteenth Judicial Circuit, Palm Beach County
July 11, 1990

### APPEARANCES OF COUNSEL

**Joseph Jordan, Esquire,** for appellant.

**Robert A. DiAngio, Jr., Esquire,** for appellee.

Before RAPP, FINE, STEVENSON, JJ.

### OPINION OF THE COURT

RAPP, J.

This is an appeal from an order granting a motion to dismiss. This

case has previously been before this court and the Fourth District Court of Appeal.[1]

Upon remand to this circuit, the case was transferred to county court for a retrial. With the exception of omitting the claim for real estate commissions, Count I was identical to the original complaint. Bedell moved for leave to amend and base Count II, the claim for civil theft on Chapter 772, Florida Statutes (1987). The motion was granted.

In his "Motion to Dismiss Complaint," Marshall represented that Bedell was not entitled to collect any moneys relating to her position as an unlicensed real estate agent. Marshall also contended that Bedell was precluded from bringing her civil theft claim because the statute of limitations had run.

As to Count I, the Fourth District Court of Appeal affirmed the trial court's determination that Bedell, an unlicensed real estate agent, could not recover real estate commissions. That court clearly found, however, that other sums were not invalid.

As to Count II, section 772.17 does provide that a proceeding under that chapter may be commenced within five (5) years. However, an amendment that relates back to the original claim as this does, will not be barred by the statute of limitations. *Foss v Mansell,* 378 So.2d 802 (Fla. 3d DCA 1979).

Upon remand to this circuit, the case was transferred to county court for a retrial. With the exception of omitting the claim for real estate commissions, Count I was identical to the original complaint. Bedell moved for leave to amend and base Count II, the claim for civil theft on Chapter 772, Florida Statutes (1987). The motion was granted.

In his "Motion to Dismiss Complaint," Marshall represented that Bedell was not entitled to collect any moneys relating to her position as an unlicensed real estate agent. Marshall also contended that Bedell was precluded from bringing her civil theft claim because of the statute of limitations had run.

As to count I, the Fourth District Court of Appeal affirmed the trial court's determination that Bedell, an unlicensed real estate agent, could not recover real estate commissions. That court clearly found, however, that other sums were not invalid.

---

[1] Bedell v Marshall, 508 SO.2d 574 (Fla. 4th DCA 1989). Reversed and remanded for a new trial on claims other than commissions in COunt I. As to Count II, section 812.035(7), (civil remedies for criminal actions) Florida Statutes had been amended as to eliminate a private person from having a cause of action under that statute. The civil remedy for theft was then recognized under Chapter 772. The particular remedial section is 772.11

As to Count II, section 772.17 does provide that a proceeding under that chapter may be commenced within five (5) years. However, an amendment that relates back to the original claim as this does, will not be barred by the statute of limitations. *Foss v Mansell,* 378 So.2d 802 (Fla. 3d DCA 1979).

Statutes relating to remedies or modes of procedure "which do not create new or take away vested rights, but only operate in furtherance of the remedy or confirmation of rights already existing, do not come within the . . . general rule against retrospective operation of statutes." *City of Lakeland v Catinella,* 129 So.2d 133 (Fla. 1961); *Fogg v Southeast Bank,* 7 Fla.Supp. 2d 1 (Fla. 15th Cir. Ct. 1984).

The Court does note, however, that section 772.11 does requires a higher burden of proof, i.e. clear and convincing evidence.[2] The Court notes further that punitive damages were not warranted under the old section 812.035(7) nor the new section 772.11 and thus should not be considered by the trial court.

In accordance with the foregoing, the order granting Appellee's motion to dismiss is reversed. We find Appellant is entitled to a new trial on Count I, damages other than commissions and Count II, civil theft, which is not barred by the statute of limitations.

REVERSED AND REMANDED.

FINE and STEVENSON, JJ., concur.

---

[2] Any person who proves by clear and convincing evidence that he has been injured in any fashion by reason of any violation of the provisions of §§ 812.012 - 812.037 has a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate courts. Section 772.11, Florida Statutes (Supp. 1990).