HALL, Judge.
Willie Tolbert challenges the summary judgment granted CSX Transportation in his personal injury action. He contends the trial court erred in denying his motion for leave to amend his complaint and in granting CSX’s motion for summary judgment. We agree and reverse.
On April 6, 1988, Tolbert filed a complaint against CSX alleging that on or *544 about May 25, 1985, he was permanently injured while moving a switch point due to the negligence of CSX. CSX answered the complaint and raised affirmative defenses. After Tolbert testified at his deposition that he was injured while moving cross ties on May 22, 1985, Tolbert’s new counsel filed a motion for leave to amend the complaint to reflect those facts. The trial court denied the motion. CSX then filed a motion for summary judgment asserting that no genuine issue of material fact existed in that the accident alleged never occurred as alleged or on the date alleged. The trial court granted the motion, and Tolbert here appeals that order.
Tolbert contends that the trial court erred in denying his motion for leave to amend his complaint in light of the liberal policy regarding amendments of pleadings set forth in Florida Rule of Civil Procedure 1.190: "Leave of court [to amend pleadings] shall be given freely when justice so requires.” Fla.R.Civ.P. 1.190(a): “At every stage of the action the court must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties.” Fla.R.Civ.P. 1.190(e). Brown v. Wood, 202 So.2d 125 (Fla. 2d DCA 1967); Hall v. Wojeckowski, 312 So.2d 204 (Fla. 4th DCA 1975).
The amendment Tolbert sought to make to his complaint clearly did not affect the substantial rights of CSX because it did not state a new cause of action. The amendment alleged that Tolbert was permanently injured as a result of the negligence of CSX, just as had the initial complaint. The amended complaint only differed from the initial complaint with regard to what Tol-bert was moving when he was injured and in specifying on which date on or about May 25, 1988, the injury occurred.
Consequently, because the amended complaint is based on the same specific occurrence of negligence as the initial complaint, it related back in time to the filing date of the original complaint, April 6, 1988, and is not barred by the running of the statute of limitations on May 22, 1985. Turner v. Trade-Mor, Inc., 252 So.2d 383 (Fla. 4th DCA 1971).
In light of our holding with regard to the motion for leave to amend, the basis of CSX’s motion for summary judgment, that the accident did not occur as alleged or on the date alleged, is without merit. Accordingly, we reverse the order granting CSX’s motion for summary judgment and the order denying Tolbert leave to amend his complaint and remand with directions consistent with this opinion.
Reversed and remanded.
SCHOONOVER, C.J., and FRANK, J., concur.