W. SHARP, Judge,
dissenting.
I respectfully dissent. The issue in this case is whether PERC abused its discretion by interpreting its rules to permit (in effect) an amendment to an earlier petition. That requires us to decide whether the two petitions are so dissimilar in content and form as to constitute a completely different “cause of action.” [1] Is it, as they say in the vernacular, “a horse of an entirely different color?” Because I think the petitions were substantially the same, I would affirm.
Both petitions are provided for by different rules promulgated by PERC.[2] A unit *1090 clarification petition is appropriate where a unit has been certified and there are relatively minor changes sought in its designation or content. Both parties, including PERC, agree that a unit clarification petition is not the appropriate vehicle to use for the result sought by PBA in this case— its seeking to add 93 new employees to the unit, tripling its size. PBA should have filed a representation certification petition.
However, in its unit clarification petition, PBA asked for the addition of 93 new members to the unit, and it provided all the information required for filing a representation certification petition. It also filed a showing of interest cards for thirty percent of the new employees in the proposed larger unit, as is required for representation certification petitions but, which is not required for unit clarification petitions.
In its order allowing the redocketing (or amendment to the original petition), PERC found PBA’s filing of the required showing of interest cards was key. Since the original petition sought the same relief as is now stated in the redocketed petition, and it contained all the substantive matters required for a representation certification petition except a reference to the correct rule by name and number, PERC viewed the original petition as having been primarily mislabeled. This was a mistake of form, not of substance.
In a similar case, PERC allowed the re-docketing of a representation petition to amend or replace a rule-making petition, which had been timely filed. It refused to hold the redocketing was time-barred by section 447.307(3)(d). It said:
That petition, although not so labeled, contained all pertinent portions of a representation-certification petition: a proposed unit description, notation of existing collective bargaining agreements covering employees in the proposed unit with their expiration dates, and service of the petition on the public employer and employee organization currently representing the petition for employees. The petition was also accompanied by a showing of interest of at least 30 percent of the employees to be added to the unit.
Florida Police Benevolent Association, Inc. v. State of Florida, 14 F.P.E.R. para. 19234 (1988). PERC concluded that to hold otherwise would elevate form over substance. By filing the original petition, the opposing parties were given full notice of the petitioner’s substantive intentions, and accordingly the opposing parties suffered no prejudice due to the refiling.
A challenge to an agency’s interpretation of its rules must demonstrate an abuse of discretion or clear error. State ex rel. Biscayne Kennel Club v. Board of Business Regulation or Department of Business Regulation of State, 276 So.2d 823, 828 (Fla.1973); Daniel v. Florida State Turnpike Authority, 213 So.2d 585, 587 (Fla. 1968); Gay v. Canada Dry Bottling Co. of Florida, 59 So.2d 788, 790 (Fla.1952); § 120.68(9), Fla.Stat. (1987). Permissible or possible interpretations must be sustained even though others may seem more cogent. Palm Beach Junior College Board of Trustees v. United Faculty of Palm Beach Junior College, 425 So.2d 133 (Fla. 1st DCA 1982), approved in part, disapproved in part, 475 So.2d 1221 (Fla. 1985).
PERC’s interpretation of its rules that a mislabeled petition, which contains all the substantive information and intent cards required for a representation certification petition, can be amended or redocketed and given a relation-back effect to avoid the time bar of section 447.307(3)(d) appears to me plausible and fair. It is analogous to what the courts do when faced with a motion to amend a complaint filed after the statute of limitation has run on the original complaint. See Tolbert v. CSX Transportation, 590 So.2d 543 (Fla. 2d DCA 1991); R.A. Jones & Sons, Inc. v. Holman, 470 So.2d 60 (Fla. 3d DCA 1985); Smith v. Metropolitan Dade County, 338 So.2d 878 (Fla. 3d DCA 1976). I think PERC should be permitted at least a similar latitude and discretion. In addition, Orlando failed in this case to establish any prejudice since it was well aware of the content of the original petition. I would affirm.

. See Roger Dean Chevrolet, Inc. v. Lashly, 580 So.2d 171, 172 (Fla. 4th DCA 1991); School Board of Broward County v. Surette, 394 So.2d 147 (Fla. 4th DCA 1981); Foss v. Mansell, 378 So.2d 802 (Fla. 3d DCA 1979).

. Rules 38D-17.024, 38D-17.042 pertain to the unit clarification petition; Rules 38D-17.007 and 38D-17.008 pertain to the representation certification petition.